Patrick D. Bonner Jr.
**MENZ BONNER KOMAR & KOENIGSBERG LLP**
One North Lexington Avenue, Suite 1550
White Plains, New York 10601
Tel.: (914) 949-0222/ Fax: (914) 997-4117
*Attorneys for Plaintiff Sentinel Insurance Company*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------x
SENTINEL INSURANCE COMPANY, LTD.,       :
                                         :
             Plaintiff,                  :    **COMPLAINT**
                                         :
        - v -                            :    Civil Action No. 19-cv-20142
                                         :
                                         :
CONRAD J. BENEDETTO, individually and doing  :  **DEMAND FOR JURY TRIAL**
business as THE LAW OFFICES OF CONRAD J.  :
BENEDETTO, and JOHN GROFF,               :
                                         :
             Defendants.                 :
-----------------------------------------------------------------x

Plaintiff Sentinel Insurance Company, Ltd. ("Sentinel" or "Plaintiff"), by and through its attorneys, Menz Bonner Komar & Koenigsberg LLP, as and for its Complaint against defendants Conrad J. Benedetto ("Benedetto"), The Law Offices of Conrad J. Benedetto ("Benedetto Firm"), and John Groff ("Groff") (collectively, "Defendants"), hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory relief, pursuant to 28 U.S.C. §2201, requesting a judgment declaring that Sentinel has no duty to defend or indemnify Defendants in connection with two underlying lawsuits filed in the Superior Court of the State of New Jersey captioned *Brian Nunez v. The Law Offices of Conrad J. Benedetto, et al.,* Case No. CAM-L-003997-18 (N.J. Super. Ct., Camden Co.), and *John Doe v. The Law Offices of Conrad J.*

*Benedetto, et al.,* Case No. CAM-L-004588-18 (N.J. Super. Ct., Camden Co.) (collectively, the "Underlying Actions").

2. As further described below, the Underlying Actions seek to recover damages and other relief from Defendants for discrimination and retaliation under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et. seq.* ("NJLAD") as a result of alleged unwanted sexual advances, harassment, and solicitation of sexual relations in return for legal services which was directed at the underlying plaintiff clients of the Benedetto Firm.

## THE PARTIES

3. Plaintiff Sentinel is a foreign corporation organized under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

4. Upon information and belief, defendant Benedetto is an individual and attorney at law admitted to practice in the State of New Jersey who is doing business as and/or is the sole owner and principal of the Benedetto Firm, and is a citizen of the State of Pennsylvania.

5. Upon information and belief, defendant the Benedetto Firm is a law firm with locations in New Jersey, Pennsylvania, New York, Nevada, Maryland, Michigan, Louisiana and Arkansas, and maintains an office located at 1233 Haddonfield Berlin Road, Suite 1, Voorhees, New Jersey 08043.

6. Upon information and belief, defendant Groff is an individual employed by the Benedetto Firm and/or Benedetto and is a citizen of the State of New Jersey.

## JURISDICTION AND VENUE

7. This Court has jurisdiction based on diversity of citizenship, pursuant to 29 U.S.C. § 1332, because Plaintiff and Defendants do not share common state citizenship and the amount in controversy exceeds $75,000, exclusive of costs and interest.

8. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(a)-(c).

## THE LIABILITY INSURANCE POLICIES

9. Sentinel issued three primary liability insurance policies to Benedetto, doing business as the Benedetto Firm: 38 SBA BX9035 (10/12/2015 – 10/12/2016); 38 SBA BX9035 (10/12/2016 – 10/12/2017); and 38 SBA BX9035 (10/12/2017 – 10/12/2018) (collectively, the "Sentinel Policies").

10. The Sentinel Policies were issued to Benedetto and delivered to his place of business in New Jersey.

11. Pursuant to the terms of the Sentinel Policies, the insurance provided thereunder applies only to damages because of "bodily injury" or "property damage" that occurs during the policy period and is caused by an "occurrence" or to "personal and advertising injury" caused by an offense arising out of the named insured's business that was committed during the policy period (as those terms are defined in the Sentinel Policies).

12. Moreover, the Sentinel Policies do not apply to "bodily injury" or "property damage" if an insured or authorized employee knew, prior to the policy period, that such "bodily injury" or "property damage" had occurred, in whole or in part.

13. The Sentinel Policies further define "bodily injury" to include mental anguish only if it arises out of injury, sickness or disease and further provides by endorsement that the definition of "personal and advertising injury" does not include discrimination or humiliation that results in injury to the feelings or reputation of a natural person."

14. Similarly, the Sentinel Policies contain various exclusions that preclude coverage, *inter alia,* for (i) expected or intended injury, (ii) employment-related practices, and (iii) employer's liability, amongst others.

15. Based on the foregoing and the other terms, conditions, definitions, endorsements, provisions and exclusions of the Sentinel Policies, as well as applicable statutory and common law, the Sentinel Policies do not provide coverage for the claims and damages asserted in the Underlying Actions.

## THE UNDERLYING ACTIONS AND COVERAGE CLAIM

16. The Underlying Actions consists of two lawsuits filed against Defendants by former clients who were survivors of the Pulse Nightclub shooting and had retained Benedetto and the Benedetto Firm in early 2017 to pursue claims for damages relating to the same.

17. The complaints in the Underlying Actions allege that almost immediately after the Pulse Shooting, the underlying plaintiffs were solicited by Defendant Groff, who introduced himself as the Benedetto Firm's office manager.

18. The complaints in the Underlying Actions further allege that once they retained Benedetto and the Benedetto Firm, they were sexually harassed by Defendant Groff, received graphic text messages from him containing unwanted sexual advances, were convinced to accompany Groff to travel to Nevada and California to speak with survivors of the Route 91 Shooting in Las Vegas and were treated like employees, and retaliated against on that trip after rejecting Defendant Groff's sexual advances, all in violation of NJLAD.

19. In addition, the complaints in the Underlying Actions allege that before such events occurred, Benedetto and the Benedetto Firm were well-aware of similar incidents of criminal conduct, fraudulent behavior, unlawful intimidation, sexual harassment and retaliation engaged in by Defendant Groff, including a prior lawsuit brought against them by another former client who was the alleged victim of sexual harassment and advances while Groff served as office manager.  Nevertheless, they authorized Groff to solicit, recruit and communicate with underlying plaintiffs and others to further their economic self-interest.

20. The Underlying Actions assert claims for (i) sexual harassment and discrimination under NJLAD, (ii) retaliation and improper reprisal under NJLAD, (iii) violation of the New Jersey Consumer Fraud Act, (iv) negligent hiring, (v) negligent retention, (vi) negligent training, (vii) negligent supervision, (viii) negligence, and (ix) gross negligence, and seek equitable relief, reinstatement of employment and benefits, back pay and benefits, front pay and benefits, reinstatement, compensatory and punitive damages, and attorneys' fees.

21. One or more of the Defendants has tendered the Underlying Actions to Sentinel seeking coverage under the Sentinel Policies.

22. In light of the allegations and claims asserted against Defendants in the Underlying Actions, a dispute exists between Sentinel and Defendants concerning the proper construction and interpretation of the Sentinel Policies, and whether Sentinel has any obligation to defend and/or indemnify any of the Defendants in connection with the claims and damages sought therein.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment – Plaintiff's Duty to Defend)**

23. Sentinel incorporates by reference and repeats and realleges the allegations of Paragraphs 1 through 22 of the Complaint above as if fully set forth herein.

24. The Sentinel Policies only obligate Sentinel to defend an insured for any suit seeking damages because of "bodily injury," "property damage" or "personal and advertising injury" to which the insurance applies.

25. Based on the allegations and claims asserted in the Underlying Actions, the relief sought therein, and the terms, conditions, definitions, endorsements, provisions and exclusions of the Sentinel Policies, as well as applicable statutory and common law, the Sentinel

Policies do not require Plaintiff to defend any of the Defendants with respect to the Underlying Actions.

26. An actual case or controversy exists between Sentinel and Defendants concerning the existence, scope or extent of coverage available under the Sentinel Policies in connection with the Underlying Actions, and whether there is any duty to defend Defendants for the claims asserted therein.

27. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment – Plaintiff's Duty to Indemnify)

28. Sentinel incorporates by reference and repeats and realleges the allegations of Paragraphs 1 through 27 of the Complaint above as if fully set forth herein.

29. The Sentinel Policies only obligate Sentinel to pay those sums that an insured becomes legally liable to pay as damages because of "bodily injury," "property damage" or "personal and advertising injury" to which the insurance applies.

30. Based on the allegations and claims asserted in the Underlying Actions, the relief sought therein, and the terms, conditions, definitions, endorsements, provisions and exclusions of the Sentinel Policies, as well as applicable statutory and common law, the Sentinel Policies do not require Plaintiff to indemnify any of the Defendants with respect to the Underlying Actions.

31. An actual case or controversy exists between Sentinel and Defendants concerning the existence, scope or extent of coverage available under the Sentinel Policies in

connection with the Underlying Actions, and whether there is any duty to indemnify Defendants for the claims asserted therein.

32. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Sentinel respectfully requests that the Court enter judgment as follows:

(1) On the First Cause of Action, declaring that Sentinel has no duty to defend any of the Defendants in connection with the Underlying Actions;

(2) On the Second Cause of Action, declaring that Sentinel has no duty to indemnify any of the Defendants in connection with Underlying Actions; and

(3) Granting such other and further relief as the Court deems just and proper, including the costs, disbursements and legal fees necessarily and reasonably incurred by Sentinel in connection with this lawsuit.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of any and all issues so triable.

Dated: White Plains, New York
       November 13, 2019

        MENZ BONNER KOMAR & KOENIGSBERG LLP

        By:   */s/ Patrick D. Bonner*
                Patrick D. Bonner, Jr.
                (pbonner@mbkklaw.com)

        One North Lexington Avenue, Suite 1550
        White Plains, New York 10601
        Tel.: (914) 949-0222

        *Attorneys for Plaintiff Sentinel Insurance Company, Ltd.*