UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SENTINEL INSURANCE COMPANY, LTD.,

Plaintiff,

-vs-

CONRAD J. BENEDETTO, individually and doing business as THE LAW OFFICES OF CONRAD J. BENEDETTO, and JOHN GROFF,

Defendants.

CONRAD J. BENEDETTO, THE LAW OFFICES OF CONRAD J. BENEDETTO, and JOHN GROFF,

Plaintiffs,

-vs-

SENTINEL INSURANCE COMPANY, LTD., JOHN DOES and ABC ENTITIES A-Z,

Defendants.

Civil Action No. 19-cv-20142-RMB-AMD

Motion Return Date: May 4, 2020

[Document Electronically Filed]

**SENTINEL INSURANCE COMPANY'S BRIEF IN**
**OPPOSITION TO MOTION TO BE RELIEVED AS COUNSEL**

Patrick D. Bonner Jr.
**MENZ BONNER KOMAR & KOENIGSBERG LLP**
One North Lexington Avenue, Suite 1550
White Plains, New York 10601
Tel.: (914) 949-0222/ Fax: (914) 997-4117
*Attorneys for Plaintiff Sentinel Insurance Company*

# TABLE OF CONTENTS

**Page(s)**

TABLE OF CONTENTS ....................................................................................... i

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................1

FACTUAL BACKGROUND ...............................................................................2

LEGAL ARGUMENT ........................................................................................3

CONCLUSION ..................................................................................................6

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Garrett (formerly Matisa) v. Matisa*,
394 N.J. Super. 468, 927 A.2d 177 (Ch. Div. 2007)....................5

*McDaniel v. Daiichi Sankyo, Inc.*,
343 F. Supp. 3d 427 (D.N.J. 2018)....................3 n.2

*Rusinow v. Kamara*,
920 F. Supp. 69 (D.N.J. 1996)....................3

**Statutes and Other Authorities**

N.J. Rules Prof'l Conduct R. 1.16(d)....................5

Plaintiff Sentinel Insurance Company, Ltd. ("Sentinel" or "Plaintiff") respectfully submits this brief and the Certification of Patrick D. Bonner Jr. ("Bonner Cert.") in opposition to the motion of Joseph D. Lento, Esq. to be relieved as counsel for defendants Conrad J. Benedetto ("Benedetto"), The Law Offices of Conrad J. Benedetto ("Benedetto Firm"), and John Groff ("Groff") (collectively, "Defendants").

## PRELIMINARY STATEMENT

Attorney Joseph D. Lento of the Lento Law Group, P.C. seeks to withdraw as counsel for Defendants even though that firm has never made an appearance on behalf of Defendants in this consolidated action. In fact, the only firm that has ever appeared on behalf of Defendants is the Optimum Law Group, P.C., with whom Mr. Lento appears to be associated. But even if Mr. Lento is personally representing the various Defendants in this case, his Certification submitted in support of the motion to withdraw is woefully inadequate. It fails to provide any detail concerning the nature of any alleged conflict that has led him to file this motion. Moreover, the conflict referenced in the Certification purportedly arises with Defendant Benedetto and the Benedetto Firm. There is no mention of Defendant Groff and it does not appear that Defendant Groff was even notified of Attorney Lento's motion.

As the Court will recall, when counsel for all parties appeared for the Initial Conference, counsel for the Defendants agreed that this action could be resolved on a motion for summary judgment without the need for fact discovery. The Court then entered an agreed order. Consequently, counsel for the Defendants already possesses the materials he needs to oppose Sentinel's motion for summary judgment. A change of attorneys at this time would serve to only further prolong a resolution of this matter, thereby prejudicing Sentinel.

## FACTUAL BACKGROUND

On November 13, 2019, Sentinel commenced this action by filing its Complaint seeking a declaratory judgment that Sentinel has no duty to defend or indemnify Defendants in connection with two underlying lawsuits filed in the Superior Court of the State of New Jersey. Bonner Cert. Ex. A.  The underlying lawsuits seek to recover damages and other relief from Defendants for discrimination and retaliation under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et. seq.,* as a result of alleged unwanted sexual advances, harassment, and solicitation of sexual relations in return for legal services.  This illegal conduct was directed at the underlying plaintiff – clients of the Benedetto Firm.  Sentinel's action was assigned civil action no. 19-cv-20142.  Defendants agreed to waive service of process and Attorney Anthony Scordo on behalf of the Optimum Law Group, P.C. executed Waivers of Summons on behalf of all Defendants.  Bonner Cert. Ex. B.

On December 14, 2019, Defendants filed a competing action against Sentinel in the Superior Court of the State of New Jersey, Law Division, Burlington County.  Bonner Cert. Ex. C.  The Complaint in that action was filed by the Optimum Law Group, P.C., and designated Kimmo Z.H. Abassi, Esq., of that firm as trial counsel.  *Id.*  On January 15, 2020, Sentinel removed Defendants' action to this Court and it was assigned civil action no. 20-cv-483.  On January 22, 2020, Sentinel filed its Answer and Separate Defenses.  Bonner Cert. Ex. D.

An initial conference was scheduled for February 11, 2020.  In advance of that conference, the parties met and conferred and a Joint Discovery Plan was submitted.  Bonner Cert. Ex. E.  Defendants' counsel, Mr. Scordo, failed to appear at the initial conference and it was rescheduled to February 18, 2020.  At that conference, Sentinel's oral application to consolidate the cases was granted and the cases were consolidated for all purposes under civil

action no. 19-cv-20142. Bonner Cert. Ex. F. A Scheduling Order was issued directing Defendants to file their answer by March 30, 2020 and Sentinel to file its dispositive motion by April 30, 2020.[1] Bonner Cert. Ex. G. On April 9, 2020, Sentinel wrote to the Court confirming an extension to June 12, 2020 to file its dispositive motion based on the COVID-19 extensions.

On April 8, 2020, Attorney Lento, on behalf of the Lento Law Group, P.C. filed a motion seeking to be relieved as counsel for Defendants.

**LEGAL ARGUMENT**

"In granting or denying a motion to withdraw, a court will consider factors such as: (1) the reasons why withdrawal is sought; (b) the prejudice withdrawal may cause to other litigants; (c) the harm withdrawal might cause to the administration of justice; and (d) the degree to which withdrawal will delay the resolution of the case." *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996). Here, no clear reason has been articulated as to why withdrawal is either sought or warranted.[2]

Mr. Lento represents that a conflict has arisen between Mr. Lento's office and Mr. Benedetto and that there has been a breakdown in communication and cooperation on behalf of Mr. Benedetto's office. Lento Cert. ¶¶ 3, 4. Mr. Lento does not provide any detail concerning the nature of the conflict, but posits that he cannot properly defend this matter due to a lack of cooperation. *Id.* ¶ 5. Mr. Lento further asserts that Mr. Benedetto's office remains in possession of "the file in connection with this matter." *Id.* ¶ 6. However, the certification is silent as to

---

[1] Per Standing Order 2020-04, Defendants' time to Answer is now May 14, 2020.

[2] To the extent that Mr. Lento seeks to withdraw because of nonpayment of fees, a client's failure to pay in and of itself is not enough to release the attorney from his obligation. *See McDaniel v. Daiichi Sankyo, Inc.*, 343 F. Supp. 3d 427, 432 (D.N.J. 2018) (rule permitting withdrawal of counsel for unreasonable financial burden does not automatically warrant counsel's withdrawal).

what information already in counsel's possession formed the basis for the allegations and claims asserted in Defendants' mirror-image complaint filed by the Optimum Law Group, P.C. Moreover, Mr. Lento fails to explain what particular information contained in the referenced file would be needed to respond to Sentinel's upcoming summary judgment motion, which his office previously agreed presents purely legal issues that do not necessitate any prior discovery. Accordingly, no justifiable reasons for withdrawal have been provided.

There are also a number of additional issues raised by Mr. Lento's motion. For example, as previously discussed, Mr. Lento, an attorney at the Lento Law Group, P.C., seeks to withdraw as counsel for Defendants. However, the Complaint filed by Defendants in State Court that was later removed to this Court, was filed by Mr. Lento and attorney Kimmo Z.H. Abbasi on behalf of the Optimum Law Group, P.C. Bonner Cert. Ex. C. Similarly, prior to the initial scheduling conference, the parties met and conferred and submitted a Proposed Joint Discovery Plan. *Id*. Ex. E. Sentinel's counsel met and conferred with attorney Anthony Scordo, the attorney who appeared on behalf of all Defendants at the conference. Mr. Scordo signed the Proposed Joint Discovery Plan on behalf of the Optimum Law Group, P.C. *Id*. Furthermore, the Waivers of Service of Summons for the action filed by Sentinel were signed by Anthony Scordo of the Optimum Law Group, P.C. *Id*. Ex. C. Accordingly, it is unclear what the relationship is between Lento Law Group, P.C. and Optimum Law Group, P.C., if any, and if Optimum Law Group, P.C. will remain as counsel to Defendants, including designated trial counsel Kimmo Z.H. Abassi, Esq., of that firm.

In addition, Mr. Lento's Certification also does not discuss Defendant Groff or address any purported conflict or breakdown with him. The Notice of Motion seeks to terminate representation of all Defendants, ECF Doc. 11-3, but it does not mention Defendant Groff, who

was sued in his individual capacity in the underlying lawsuits. This is troubling, because the Lento firm's motion papers were not delivered by any means to Defendant Groff.

The Notice of Motion was purportedly sent to Mr. Benedetto "via ecourts/regular and email: Conrad_Benedetto@comcast.net" and mailed to Mr. Benedetto at 1615 South Broad Street, Philadelphia, PA 19148." ECF Doc. Nos. 11-1, 11-3. But there is no mention of any service on Mr. Groff, a separate client. Under New Jersey law, however, when withdrawing as counsel, a lawyer shall give reasonable notice to the client. N.J. Rules Prof'l Conduct R. 1.16(d); see also *Garrett (formerly Matisa) v. Matisa*, 394 N.J. Super. 468, 472, 927 A.2d 177, 179 (Ch. Div. 2007) ("It is well settled that an attorney who wants to withdraw from representing a client must notify the client in advance."). It remains to be seen whether counsel will comply with this Court's April 13, 2020 Scheduling Order, which directs Movants' counsel to advise each of its clients of the time and date of the hearing on this motion and to file proof of service on each. *See* ECF Doc. 13.

As a final matter, any change of counsel would cause further unnecessary delay and unduly prejudice Sentinel. Defendants have not yet filed answers in this consolidated case, but have agreed that this action presents issues of law that can be decided on a dispositive motion without the need for discovery. Bonner Cert. Ex. G. As Sentinel's counsel informed the Court at the telephonic initial conference, Sentinel's forthcoming summary judgment motion will demonstrate conclusively that Sentinel does not have a duty to defend or indemnify as a matter of law because the underlying plaintiff's claims for sexual harassment, discrimination and retaliation under the New Jersey Law Against Discrimination are simply not covered under the Sentinel comprehensive general liability policies covering bodily injury and property damage claims. The summary judgment motion will be based on a comparison of the allegations of the

underlying complaints (that are a matters of public record) and the plain terms of the Sentinel policies. Thus, any further delay by allowing the withdrawal and substitution of counsel prior to Defendants answering and opposing such dispositive motion would merely prolong the resolution of this matter, further hinder the administration of justice, and prejudice Sentinel's ability to obtain a timely ruling on the merits of Defendants' coverage claims.

## CONCLUSION

For all of the reasons set forth above, Defendants' motion should be denied, together with such further and other relief as may be just, proper and equitable.

Dated: White Plains, New York
April 20, 2020

MENZ BONNER KOMAR & KOENIGSBERG LLP

By: */s/ Patrick D. Bonner*
Patrick D. Bonner, Jr.
(pbonner@mbkklaw.com)

One North Lexington Avenue, Suite 1550
White Plains, New York 10601
Tel.: (914) 949-0222

*Attorneys for Plaintiff Sentinel Insurance Company, Ltd.*