UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, LTD.,<br><br>    Plaintiff,<br><br>-vs-<br><br>CONRAD J. BENEDETTO, individually and doing business as THE LAW OFFICES OF CONRAD J. BENEDETTO, and JOHN GROFF,<br><br>    Defendants.<br><br>_____<br><br>CONRAD J. BENEDETTO, THE LAW OFFICES OF CONRAD J. BENEDETTO, and JOHN GROFF,<br><br>    Plaintiffs,<br><br>-vs-<br><br>SENTINEL INSURANCE COMPANY, LTD., JOHN DOES and ABC ENTITIES A-Z,<br><br>    Defendants. | Civil Action No. 19-cv-20142-RMB-AMD |

**REPLY BRIEF TO SENTINEL INSURANCE COMPANY'S BRIEF IN OPPOSITION TO MOTION TO BE RELIEVED AS COUNSEL**

_____

                                            LENTO LAW GROUP, P.C.
                                            BY: Joseph D. Lento, Esquire
                                            Atty ID 013252008
                                            3000 Atrium Way, Suite 200
                                            Mount Laurel, NJ  08054
                                            856-652-2000 (T)
                                            267-375-1010 (F)
                                            jdlento@lentolawgroup.com
                                            *Attorney for Conrad J. Benedetto, The Law Offices of Conrad J. Benedetto, and John Groff*

Defendants Conrad J. Benedetto (hereinafter, "Benedetto"), The Law Offices of Conrad J. Benedetto (hereinafter, "Benedetto Firm"), and John Groff (hereinafter, "Groff) (hereinafter collectively, the "Defendants") replies to the Plaintiff, Sentinel Insurance Company, Ltd.'s (hereinafter, the "Plaintiff") Brief in Opposition to Motion to be Relieved as Counsel (hereinafter, the "Response"), and in support would state:

## PRELIMINARY STATEMENT

The Preliminary Statement to the Plaintiff's Response contains some statements which show that there is some apparent confusion with respect to some issues. First, while the only firm to file an appearance in the instant case is "Optimum Law Group, P.C.", that firm later changed its name to "Lento Law Group, P.C." in accordance with New Jersey policies regarding firm names. This is addressed via the attached Certification of Joseph D. Lento. (*See*, Certification of Joseph D. Lento, Esquire, ¶ 3). They are the same entity, and it is not uncommon for firms to change names from time to time.

Secondly, there was a scrivener's error in failing to address the Defendant John Groff or mention him as far as service. This is addressed via the attached Certifications of Joseph D. Lento (Certification of Joseph D. Lento, Esquire, ¶ 5) and John Groff. (Certification of John Groff, ¶ 3).

Furthermore, the conflict with respect to the undersigned and the Defendants is explained more fully in the attached Certification of Joseph D. Lento, as the Plaintiff does not appear to fully understand the nature of the conflict. (*See*, Certification of Joseph D. Lento, Esquire, ¶ 4) For example, the Defendants' Answer in this case is due by May 14, 2020. In order for the undersigned to respond to the Plaintiff's Complaint, the undersigned requires information from the Defendants, and there is a communications breakdown between the Defendants and the undersigned. Id.

### **LEGAL ARGUMENT**

All decisions regarding whether to permit an attorney to withdraw is within the discretion of the court. Rusinow v. Kamara, 920 F. Supp. 69, 71 (D.N.J. 1996); *See also*, Streetman v. Lynaugh, 674 F.Supp. 229, 234 (E.D.Tex.1987). In granting or denying a motion to withdraw, a court will consider factors such as: (1) the reasons why withdrawal is sought; (b) the prejudice withdrawal may cause to other litigants; (c) the harm withdrawal might cause to the administration of justice; and (d) the degree to which withdrawal will delay the resolution of the case. Rusinow, 920 F. Supp. at 71; *See also*, Haines v. Liggett Group, Inc., 814 F.Supp. 414, 423 (D.N.J.1993).

Additionally, this Court must consider the criteria set forth in RPC 1.16 of the New Jersey Rules of Professional Conduct ("RPC

1.16"), in deciding whether to grant an attorney leave to withdraw. The New Jersey Rules of Professional Conduct are made applicable in this Court by General Rule 6. Haines, 814 F.Supp. at 422. The provisions of RPC 1.16 are consistent with the criteria embodied in General Rule 18. Haines, 814 F.Supp. at 423.

Specifically, RPC 1.16 governs the termination of an attorney's representation of a client. In particular, RPC 1.16(a)(1) states that a lawyer shall withdraw from representing a client where "the representation will result in violation of the Rules of Professional Conduct or other law." In addition, RPC 1.16(b) permits a "lawyer [to] withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if" any of the criteria enumerated in (b)(1)-(6) is met.3

Withdrawal pursuant to both RPC 1.16(a) and (b) is limited by RPC 1.16(c) which states that "[w]hen required to do so by rule or when ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." RPC 1.16(c) recognizes the notion that "even if withdrawal is otherwise appropriate, other considerations must sometimes take precedence, such as maintaining fairness to litigants and preserving a court's resources and efficiency." Haines, 814 F.Supp. at 423. Criteria such as the proximity to trial and the possibility for a client to obtain substitute counsel are

also relevant considerations. Jacobs v. Pendel, 98 N.J.Super. 252, 255, 236 A.2d 888 (App.Div.1967).

Here, the conduct of the Plaintiff Benedetto, in restricting access to the undersigned of documents necessary in the preparation of the Answer due in this case on May 14, 2020, would cause the undersigned to be in violation of RPC 1.1(a), which prohibits counsel from handling a matter entrusted to the lawyer in such manner that the lawyer's conduct constitutes gross negligence, as it would be negligent for a lawyer to file an Answer in a case without having access to the documents and information that would permit that lawyer to ethically draft such a pleading.

In addition, if this relief is not granted, it will cause prejudice to all three Defendants, as an Answer in this matter requires documents and information solely in the custody of Defendant Benedetto. In fact, Defendant Groff will suffer more significantly, as one can only assume that Defendant Benedetto and Defendant Benedetto Firm will share access to that information.

With respect to any prejudice caused to the Plaintiff, the undersigned would argue that it is less than truly prejudicial, *per se*, and is instead more at the level of a mere inconvenience, as it can only possibly *delay* the filing of the Answer in this case. Furthermore, this case is still essentially at an early stage, given the fact that the Answer is currently due on May 14, 2020, and it would be better with respect to the administration of

justice and other factors that the new counsel be substituted in at such an early stage, rather than later, particularly so that the new counsel would be fully involved in the majority of the decisions and filings in this case, rather than kicking this issue further down the line, only to have it resurrected again later.

                                    Respectfully submitted,

                                    *Joseph D. Lento*

Dated:   May 3, 2020   _____
                                    JOSEPH D. LENTO, ESQUIRE
                                    Attorney for Defendant