```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, LTD.,<br><br>    Plaintiff,<br><br>-vs-<br><br>CONRAD J. BENEDETTO, individually and doing business as THE LAW OFFICES OF CONRAD J. BENEDETTO, and JOHN GROFF,<br><br>    Defendants.<br>_____<br><br>CONRAD J. BENEDETTO, THE LAW OFFICES OF CONRAD J. BENEDETTO, and JOHN GROFF,<br><br>    Plaintiffs,<br><br>-vs-<br><br>SENTINEL INSURANCE COMPANY, LTD., JOHN DOES and ABC ENTITIES A-Z,<br><br>    Defendants. | Civil Action No. 19-cv-20142-RMB-AMD<br><br><br><br><br><br><br><br><br><br>**MOTION TO DISMISS OR FOR <u>BRILLHART</u> ABSTENTION** |

COMES NOW the Defendant, JOHN GROFF (hereinafter, the "Defendant" or "Groff"), who now moves this Court to dismiss the Plaintiff, SENTINEL INSURANCE COMPANY, LTD.'s (hereinafter, the "Plaintiff") Complaint (hereinafter, the "Complaint"), pursuant to Fed. R. Civ. P. 12 (b)(1) for lack of subject matter jurisdiction.

1. This is an action for declaratory relief, predicated upon 28 U.S.C. § 2201.

2. The nature of the declaratory relief requested by the Plaintiff is a judgment declaring that the Plaintiff has no duty to defend or indemnify any of the Defendants (including Defendant John Groff) in connection with two underlying lawsuits filed in the Superior Court of the State of New Jersey captioned <u>Brian Nunez v. The Law Offices of Conrad J. Benedetto, et al.</u>, Case No. CAM-L-003997-18 (N.J. Super. Ct., Camden Co.), and <u>John Doe v. The Law Offices of Conrad J. Benedetto, et al.</u>, Case No. CAM-L-004588-18 (N.J. Super. Ct., Camden Co.) (collectively, the "Underlying Actions").

3. At present, both of the Underlying Actions are currently pending before the Superior Court in Camden County.

**I.   The Declaratory Judgment Act (28 U.S. Code § 2201) Does Not Create Compulsory Subject-Matter Jurisdiction.**

1. Under the Declaratory Judgment Act, 28 U.S. Code § 2201 (hereinafter, the "DJA"), courts "*may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." <u>Reifer v. Westport Ins. Corp.</u>, 751 F.3d 129, 134–35 (3d Cir. 2014) (*quoting* 28 U.S.C. § 2201(a) (emphasis added)).

2. The use of the word "may" in the statute signifies the discretionary nature of federal jurisdiction over declaratory judgment actions. <u>Brillhart v. Excess Ins. Co. of Am.</u>, 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).

3.   This discretion is, of course, in stark contrast to the general rule that federal courts are compelled to exercise the jurisdiction that Congress has given them. <u>Reifer</u>, 751 F.3d at 134.

4.   Although the DJA gives district courts this "unique and substantial discretion" to exercise or decline to exercise jurisdiction over declaratory judgment actions, the exercise of that discretion must be sound. <u>1100 Adams St. Condo. Ass'n, Inc. v. Mt. Hawley Ins. Co.</u>, CIV.A. 14-2203 SDW, 2014 WL 5285466, at *2 (D.N.J. Oct. 15, 2014), <u>report and recommendation adopted sub nom. 1100 Adams St. Condo. Ass'n, Inc. v. Tarragon Corp.</u>, CIV.A. 14-2203, 2014 WL 5762067 (D.N.J. Nov. 5, 2014); <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 286–88, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).

5.   As a result, this motion to dismiss is "addressed to the discretion of the court". <u>Brillhart</u>, 316 U.S. at 494.

6.   In <u>Reifer</u>, the declaratory judgment claim was originally brought in state court under Pennsylvania law, but the question of whether to exercise federal jurisdiction to adjudicate the controversy became a procedural issue under federal law. <u>Reifer</u>, 751 F.3d at n, 4; *See also*, <u>Golden Eagle Ins. Co. v. Travelers Cos.</u>, 103 F.3d 750, 753 (9th Cir.1996), <u>overruled on other grounds by</u> <u>Gov't Emps. Ins. Co. v. Dizol</u>, 133 F.3d 1220 (9th Cir.1998) (en banc); <u>accord</u> <u>Fischer & Porter Co. v. Moorco Int'l Inc.</u>, 869 F.Supp. 323, 326 (E.D.Pa.1994).

7. In order to provide guidance as to how the district courts should properly exercise that discretion, the Supreme Court first suggested a multifactor analysis in its decision in Brillhart. At the outset, the Brillhart Court emphasized that district courts should be cautious in exercising jurisdiction over a declaratory judgment action when there exists a concurrent suit in state court presenting the same issues and involving the same parties. Brillhart, 316 U.S. at 495.

8. The Court then went on to suggest a number of factors that should be considered before declining jurisdiction in such a situation, such as the scope of the state court proceeding, whether all of the claims are capable of adjudication in state court, and "whether necessary parties have been joined." Id. The Court further stressed that its list was non-exhaustive and could change on the facts of a given case. *See*, Id.

**II.   The Brillhart Factors Favor Dismissal or Abstention.**

9. Following Brillhart, the Third Circuit has identified the following factors as generally applicable in all declaratory judgment cases: (1) whether a declaration in federal court would "resolve the uncertainty of obligation which gave rise to the controversy"; (2) the convenience of the parties; (3) whether there is a public interest in resolving the uncertainty of obligation; and (4) whether there are other relatively convenient remedies

available. <u>United States v. Pa., Dept. of Envtl. Res.</u>, 923 F.2d 1071, 1075 (3d Cir.1991).

10. Additionally, the Third Circuit has also identified three additional factors that should be considered in the insurance coverage context:

> (1) A general policy of restraint when the same issues are pending in a state court;
>
> (2) An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; [and]
>
> (3) Avoidance of duplicative litigation.
>
> <u>1100 Adams St. Condo. Ass'n</u>, 2014 WL 5285466, at *2 (*citing* <u>State Auto Ins. Cos. v. Summy</u>, 234 F.3d 131, 134 (3d Cir.2000)).

11. In <u>Reifer</u>, the Third Circuit, in its affirmance of the district court's decision to decline jurisdiction, specifically discussed the weight to be accorded to the presence or absence of pending parallel proceedings in state court. <u>Reifer</u>, 751 F.3d at 141.

12. While it had already been well established that the presence of a parallel state court proceeding does not *automatically* require the district court to decline jurisdiction, *see*, <u>Id.</u>, at 143, the court was presented with the inverse of that statement: whether the absence of a parallel state court proceeding automatically required the district court to exercise its

jurisdiction. Id. The court rejected that proposition, holding that "the existence or non-existence of pending parallel state proceedings is but one factor for a district court to consider." Id., at 144.

13. The court did note, however, that just as "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction," **so too does the presence of pending state proceedings weigh heavily in favor of declining jurisdiction**. Id.

14. The Third Circuit thus placed particular emphasis on parallel state proceedings and directed the district courts to "be rigorous in ensuring themselves that the existence [or absence] of parallel state proceedings is outweighed by opposing factors." Id. at 145.

**15. Put differently, the issue of parallel state court proceedings is paramount in determining whether to exercise jurisdiction under the DJA.**

16. The Third Circuit has defined a parallel proceeding as "another proceeding ... pending in a state court in which all the matters in controversy between the parties **could** be fully adjudicated." Reifer, 751 F.3d at n. 9 (*quoting* Brillhart, 316 U.S. at 495) (internal quotations omitted) (emphasis added).

17. The use of the word "could" in the definition is significant, since it suggests that the subject of—or a party to—

the declaratory judgment action need not be presently before the state court in the related proceeding. 1100 Adams St. Condo. Ass'n, 2014 WL 5285466, at *2.

18. Specifically in the context of insurance coverage actions, the Third Circuit has held that even when the coverage issue is *not* presently before the state court, the declaratory judgment action will still be deemed parallel if the coverage issue "will as a matter of logic necessarily arise before the matter is concluded in state court." Atl. Mut. Ins. Co. v. Gula, 84 F. App'x 173, 175 (3d Cir.2003).

19. It thus follows that the state court action and the declaratory judgment action need not be strictly parallel (i.e., presenting identical claims and involving identical parties) in order for a district court to find that abstention under the DJA is warranted. 1100 Adams St. Condo. Ass'n, 2014 WL 5285466, at *2; *See also*, Evanston Ins. Co. v. Van Syoc Chartered, 863 F.Supp.2d 364, 370 (D.N.J.2012).

20. The gravamen of the parties' dispute in this case is: (1) whether the Plaintiff has a duty to defend (Count I); and (2) whether the Plaintiff has a duty to indemnify (Count II).

21. Here, it is almost certain that the State court would need to determine whether the Plaintiff has a duty to defend and/or indemnify the Defendants (if not necessarily Defendant Groff, as it is highly likely that the State court would need to determine

whether Defendant The Law Offices of Conrad J. Benedetto were rather responsible for indemnifying him in those actions).

22. Clearly, such determinations are central to the issue of liability in the State suits, and are inextricably linked to the factual determinations that will be made therein, and therefore it makes much more sense that all issues be decided in the single state forum. This factor "militates significantly in favor of declining jurisdiction." Reifer, 751 F.3d at 144-45.

23. The doctrine of Brillhart abstention is well-documented and commonly executed in this Court. Lexington Ins. Co., Inc. v. Conve AVS Vega Mesa LLC, CV 16-5389 (JLL), 2016 WL 5858650, at *1 (D.N.J. Oct. 5, 2016); *See also*, Nugiel v. Westchester Fire Ins. Co., No. 15-7787, 2015 WL 6739111 (D.N.J. Nov. 3, 2015); Capitol Specialty Ins. Corp. v. Am. Legion, No. 15-6024, 2015 U.S. Dist. LEXIS 103555 (D.N.J. Aug. 7, 2015); Owen v. Hartford Ins. Co., No. 14-924, 2014 WL 2737842 (D.N.J. June 17, 2014).

### III. The existence of multiple, parallel lawsuits creates a hardship for the Defendant.

24. Currently, the Defendant is named in both of the State court Underlying Actions, as well as herein in federal court.

25. This has created significant hardship to Defendant Groff, as he is forced to, essentially, fight a war on multiple fronts.

26. As a result, Defendant Groff would argue that the issues raised by the Plaintiff should be dismissed or stayed, pending resolution of the Underlying Actions, particularly where no liability has been established with respect to him personally (or to *any* Defendant, for that matter).

**IV. Conclusion.**

27. This Court has the discretion to dismiss and/or abstain from exercising its jurisdiction in this matter.

28. The Brillhart factors favor dismissal or abstention, given:

> i. the existence of the two parallel Underlying Actions, the lack of any adjudication of liability with respect to the Defendant;
> ii. the hardship afforded the Defendant in defending himself in multiple courts in both state and federal court;
> iii. and also with respect to the inherent conflict of interest described in Brillhart with respect to allowing an insurer to avoid its duty to defend in a state court while attempting to characterize that suit in federal court as falling within the scope of a policy exclusion.

For all of the foregoing reasons, the Defendant, John Groff's Motion to Dismiss or For *Brillhart* Abstention should be granted, and the Plaintiff's Complaint should be dismissed.

                                              Respectfully submitted,

*[signature: Joseph D. Lento]*

Dated:    June 5, 2020

JOSEPH D. LENTO, ESQUIRE
Atty ID 013252008
**LENTO LAW GROUP, P.C.**
3000 Atrium Way - Suite # 200
Mount Laurel, NJ 08054
(856) 652-2000(T)
(856) 375-1010 (F)
jdlento@lentolawgroup.com
*Attorney for Defendant, John Groff*