

**Lento Law Group, P.C**.
3000 Atrium Way-Suite # 200
Mount Laurel, NJ 08043
(856) 652-2000 (T)
(856) 375-1010 (F)
Joseph D. Lento, Esquire
Member of the NJ and PA Bars
jdlento@lentolawgroup.com

<u>Via ECF:</u>                                                                                                                       June 11, 2020
Hon. Ann Marie Donio, U.S.M.J.
United States District Court for the District of New Jersey
Mitchell Cohen Building & Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

      Re:     <u>Sentinel Insurance Company, Ltd. v. Benedetto, et. al.</u>
               **Civil Action No. 1:19-cv-20142-RMB-AMD**

Dear Judge Donio:

     As you are aware, our office represents the Defendant, John Groff (hereinafter, the "Defendant" or "Groff"), in the above-referenced action. On June 5, 2020, our office filed a Motion to Dismiss or for Brillhart Abstention. [Dkt. 25]. On June 8, 2020, this Court stated via docket entry:

> TEXT ORDER This matter comes before the Court upon a Motion to Dismiss filed by Defendant The Law Offices of Conrad Benedetto [Dkt. No. 25]. The motion is ADMINISTRATIVELY TERMINATED. Pursuant to the Court's Individual Rules and Procedures I.A., "[i]n an effort to resolve cases expeditiously, before bringing a motion to dismiss... a party must submit a letter described therein." A link to the Court's Individual Rules and Procedures may be found at the docket entry made on November 14, 2019. So Ordered by Judge Renee Marie Bumb on 06/08/2020. (Costigan, Roberta) (Entered: 06/08/2020)

     First off, please accept my humblest apologies for not following the proper procedure. Secondly, please accept this letter as one requesting a pre-motion conference as specified in § I (A) of this Court's Rules and Procedures.

**REQUEST FOR PRE-MOTION CONFERENCE**

     This is an action for declaratory relief and the nature of the declaratory relief requested by the Plaintiff, Sentinel Insurance Company, Ltd. (hereinafter, the "Plaintiff") is a judgment declaring that the Plaintiff has no duty to defend or indemnify any of the Defendants (including Defendant Groff) in connection with two underlying lawsuits filed

in the Superior Court of the State of New Jersey captioned Brian Nunez v. The Law Offices of Conrad J. Benedetto, et al., Case No. CAM-L-003997-18 (N.J. Super. Ct., Camden Co.), and John Doe v. The Law Offices of Conrad J. Benedetto, et al., Case No. CAM-L-004588-18 (N.J. Super. Ct., Camden Co.) (collectively, the "Underlying Actions"), both of which are currently pending before the Superior Court in Camden County.

Under the Declaratory Judgment Act, 28 U.S. Code § 2201 (hereinafter, the "DJA"), courts "**may** declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Reifer v. Westport Ins. Corp., 751 F.3d 129, 134–35 (3d Cir. 2014) (quoting 28 U.S.C. § 2201(a) (emphasis added)). The use of the word "may" in the statute signifies the discretionary nature of federal jurisdiction over declaratory judgment actions. Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). Although the DJA gives district courts this "unique and substantial discretion" to exercise or decline to exercise jurisdiction over declaratory judgment actions, the exercise of that discretion must be sound. 1100 Adams St. Condo. Ass'n, Inc. v. Mt. Hawley Ins. Co., CIV.A. 14-2203 SDW, 2014 WL 5285466, at *2 (D.N.J. Oct. 15, 2014), report and recommendation adopted sub nom. 1100 Adams St. Condo. Ass'n, Inc. v. Tarragon Corp., CIV.A. 14-2203, 2014 WL 5762067 (D.N.J. Nov. 5, 2014).

As a result, this motion to dismiss is "addressed to the discretion of the court". Brillhart, 316 U.S. at 494. In Brillhart, the Supreme Court suggested a number of factors to consider in declining jurisdiction, including whether all of the claims are capable of adjudication in state court. 316 U.S. at 495. The Third Circuit has identified the following factors as generally applicable in all declaratory judgment cases: (1) whether a declaration in federal court would "resolve the uncertainty of obligation which gave rise to the controversy"; (2) the convenience of the parties; (3) whether there is a public interest in resolving the uncertainty of obligation; and (4) whether there are other relatively convenient remedies available. United States v. Pa., Dept. of Envtl. Res., 923 F.2d 1071, 1075 (3d Cir.1991). Additionally, the Third Circuit has also identified three additional factors that should be considered in the insurance coverage context: (1) A general policy of restraint when the same issues are pending in a state court; (2) An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; [and] (3) Avoidance of duplicative litigation. 1100 Adams St. Condo. Ass'n, 2014 WL 5285466, at *2 (*citing* State Auto Ins. Cos. v. Summy, 234 F.3d 131, 134 (3d Cir.2000)).

In Reifer, the Third Circuit specifically discussed the weight to be accorded to the presence or absence of pending parallel proceedings in state court. 751 F.3d at 141. The court noted that just as "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction," so too does the presence of pending state proceedings weigh heavily in favor of declining jurisdiction. Id. The Third Circuit thus placed particular emphasis on parallel state proceedings and directed the district courts to "be rigorous in ensuring themselves that the existence [or absence] of parallel state proceedings is outweighed by opposing factors." Id. at 145. The Third Circuit has defined a parallel proceeding as "another proceeding ... pending in a state court in which all the matters in controversy between the parties **could** be fully adjudicated." Reifer, 751 F.3d at n. 9 (*quoting* Brillhart, 316 U.S. at 495) (internal quotations omitted) (emphasis added). The use of the word "could" in the definition is significant, since it suggests that the subject

of—or a party to—the declaratory judgment action need not be presently before the state court in the related proceeding. 1100 Adams St. Condo. Ass'n, 2014 WL 5285466, at *2. Specifically in the context of insurance coverage actions, the Third Circuit has held that even when the coverage issue is not presently before the state court, the declaratory judgment action will still be deemed parallel if the coverage issue "will as a matter of logic necessarily arise before the matter is concluded in state court." Atl. Mut. Ins. Co. v. Gula, 84 F. App'x 173, 175 (3d Cir.2003). It thus follows that the state court action and the declaratory judgment action need not be strictly parallel (i.e., presenting identical claims and involving identical parties) in order for a district court to find that abstention under the DJA is warranted. 1100 Adams St. Condo. Ass'n, 2014 WL 5285466, at *2; See also, Evanston Ins. Co. v. Van Syoc Chartered, 863 F.Supp.2d 364, 370 (D.N.J.2012).

      Here, it is almost certain that the State court would need to determine whether the Plaintiff has a duty to defend and/or indemnify the Defendants. Clearly, such determinations are central to the issue of liability in the Underlying Actions, and are inextricably linked to the factual determinations that will be made therein, and therefore it makes much more sense that all issues be decided in the single state forum, which "militates significantly in favor of declining jurisdiction." Reifer, 751 F.3d at 144–45.

      Currently, the Defendant is named in both of the Underlying Actions, as well as herein in federal court. This has created significant hardship to Defendant Groff, as he is forced to, essentially, fight a war on multiple fronts. As a result, Defendant Groff would argue that the issues raised by the Plaintiff should be dismissed or stayed, pending resolution of the Underlying Actions, particularly where no liability has been established with respect to him personally (or to any Defendant, for that matter).

      This Court has the discretion to dismiss and/or abstain from exercising its jurisdiction in this matter. The Brillhart factors favor dismissal or abstention, given:

i.    the existence of the two parallel Underlying Actions, and the lack of any adjudication of liability with respect to the Defendant;
ii.    the hardship afforded the Defendant in defending himself in multiple courts;
iii.    and also with respect to the inherent conflict of interest described in Brillhart with respect to allowing an insurer to avoid its duty to defend in a state court while attempting to characterize that suit in federal court as falling within the scope of a policy exclusion.

      For all of the foregoing reasons, the Defendant, John Groff plans to move to dismiss.

                                            Respectfully submitted,

                                            */s/ Joseph D. Lento*

                                            JOSEPH D. LENTO, ESQUIRE
                                            *Attorney for Defendant, John Groff*

cc: (via ECF)
Patrick D. Bonner, Jr., Esq.
Melissa K. Driscoll, Esq.
Conrad J. Benedetto, Esq.