# MENZ BONNER KOMAR & KOENIGSBERG LLP

ATTORNEYS AT LAW
ONE NORTH LEXINGTON AVENUE, SUITE 1550

| TEL: (914) 949-0222 | WHITE PLAINS, NEW YORK 10601 | FAX: (914) 997-4117 |

www.mbkklaw.com

June 17, 2020

**VIA ECF**

Hon. Renée Marie Bumb, U.S.D.J.
United States District Court, District of New Jersey
4th and Cooper Streets
Camden, NJ 08101

    Re:    <u>Sentinel Insurance Company, Ltd. v. Conrad J. Benedetto, et al.</u>
               <u>Conrad J. Benedetto, et al. v. Sentinel Insurance Company, Ltd., et al.</u>
               Consolidated Civil Action No. 1:19-cv-20142-RMB-AMD

Dear Judge Bumb:

    We represent Sentinel Insurance Company, Ltd. ("Sentinel") in the above-referenced consolidated insurance coverage action. Pursuant to section I.A. of Your Honor's Rules, we respectfully submit this letter in response to the June 11, 2020 request for a pre-motion conference in connection with Mr. Groff's anticipated motion to dismiss on *Brillhart* abstention grounds.

    By way of summary, in the two (2) underlying lawsuits against Mr. Groff and the Benedetto firm, for which coverage is sought, the plaintiffs in those actions allege that (i) Mr. Groff sexually harassed them, (ii) Mr. Groff and the Benedetto firm treated them like employees, and (iii) the defendants retaliated against the underlying plaintiffs when they rejected Mr. Groff's sexual advances. [Doc. No. 1–Case 1:19-cv-20142]. The underlying actions assert causes of action for sexual harassment and discrimination, and related employment-related claims, under NJLAD and common law, seeking equitable relief and other employment benefits. However, *none* of these claims falls within the scope of coverage provided by Sentinel's CGL policy, which provides coverage for *bodily injury and property damage claims*. *Id.* Mr. Groff's and the Benedetto firm's attempt to shoehorn these claims into a CGL policy simply has no merit.

    Moreover, there is no proper factual or legal predicate for the current proposed motion. Amongst other things, Mr. Lento's letter submission neglects to mention the following: (i) Mr. Groff filed his own separate civil action against Sentinel asserting independent claims for breach of contract and bad faith, as well as declaratory relief; (ii) pursuant to this Court's February 18, 2020 Consolidation Order, Mr. Groff's coverage action was consolidated with Sentinel's declaratory judgment action – a procedural measure to which Mr. Groff's counsel *expressly agreed*; (iii) Mr. Groff's counsel previously conceded during the initial scheduling conference that the question of whether *sexual harassment/ employment-related claims* were covered by a CGL policy covering *bodily injury and property damage claims* did not require discovery prior to the filing of dispositive motions and could be resolved based on the pleadings and the insurance policies; and (iv) no parallel proceeding exists in state court addressing the same coverage issues as here. In short, there is no basis for asking this Court to abstain from deciding the coverage issues here without further delay.

MENZ BONNER KOMAR & KOENIGSBERG LLP

Hon. Renée Marie Bumb, U.S.D.J.
June 17, 2020
Page 2 of 3

**Procedural Background** – On November 13, 2019, Sentinel filed its declaratory judgment complaint in this action against Mr. Groff, Mr. Benedetto, and the Benedetto firm. Prior to service of Sentinel's complaint, all three defendants (with Mr. Lento as counsel) had filed a lawsuit against Sentinel in state court asserting causes of action for declaratory relief, breach of contract and bad faith, and seeking an award of compensatory damages and attorneys' fees. [ECF No. 1-2 (1:20-cv-00483-RMB-AMD)]. On January 15, 2020, Sentinel timely removed that action to this Court based on diversity jurisdiction, and Sentinel filed its Answer on January 22, 2020. [ECF Nos. 1 and 4 (1:20-cv-00483-RMB-AMD)]. This Court subsequently set a Scheduling Conference to be held on February 11, 2020 [ECF No. 3 (1-20-cv-00483-RMB-AMD)]. In the interim, Mr. Lento's firm executed Waiver of the Service of Summons forms on behalf of Mr. Groff and each of his other clients in connection with Sentinel's federal court action, which were filed with this Court on February 2, 2020. [ECF. Nos. 4-6 (1:19-cv-20142-RMB-AMD)].

After Mr. Lento's firm failed to appear for the February 11 conference, the Court rescheduled the initial conference for February 18, 2020. During that conference, Mr. Lento's firm appeared for Mr. Groff, Mr. Benedetto and the Benedetto law firm and expressly agreed to the consolidation of his lawsuit with Sentinel's action. As a result, the Court entered Orders of Consolidation of the two cases for all purposes. [ECF No. 8 (1:19-cv-20142-RMB-AMD); ECF No. 9 (1:20-cv-00483-RMB-AMD)]. Moreover, during the initial scheduling conference, Mr. Lento's firm expressly agreed with Magistrate Judge Donio that discovery was not required to resolve the parties' coverage disputes and dispositive motions could be filed. [ECF No. 9 (1:19-cv-20142-RMB-AMD)]. At the conference, Mr. Groff's counsel did not raise or object to this Court's jurisdiction over the parties' claims or on *Brillhart* abstention grounds.

**Relevant Legal Authority** – A request to exercise *Brillhart* abstention is left to the sound discretion of the district court. While Mr. Groff's pre-motion letter mechanically cites to the general standards identified by the Supreme Court and Third Circuit in considering whether to retain jurisdiction over actions arising under the Declaratory Judgment Act, it fails to acknowledge Mr. Groff's own consolidated coverage claims pending before this Court. In addition, it also fails to cite certain key decisions by the Third Circuit and this Court that make clear why the proposed motion to dismiss on *Brillhart* abstention grounds is entirely inappropriate.

Significantly, both the Third Circuit and this Court have made clear that federal courts have a "virtually unflagging obligation" to hear and determine actions that include independent claims for legal relief in addition to those seeking declaratory relief. *See Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 229-30 (3d Cir. 2017) (applying "independent claim test" where action includes both legal and declaratory relief). *See also Scottsdale Indem. Co. v. Collazos,* Civ. No. 16-8239, 2017 WL 4711451, at *2 (D.N.J. Oct. 20, 2017) (Kugler, U.S.D.J.) ("A district court cannot decline to exercise jurisdiction over a declaratory judgment action if there is another legal claim in the complaint."). Here, the consolidated action includes independent legal claims by the putative insureds in addition to the competing claims for declaratory relief sought by both Sentinel and those parties. Accordingly, Mr. Groff's proposed motion is inappropriate and legally baseless.

Equally important, the Third Circuit has made clear that contemporaneous federal and state court proceedings are not "parallel" for purposes of the Declaratory Judgment Act when they

MENZ BONNER KOMAR & KOENIGSBERG LLP

Hon. Renée Marie Bumb, U.S.D.J.
June 17, 2020
Page 3 of 3

involve distinct claims and parties. *Kelly v. Maxum Specialty Ins. Group,* 868 F.3d 274, 284 (3d Cir. 2017) (proceedings are not parallel merely because they have the potential to dispose of the same claims and "there must be a substantial similarity in issues and parties between contemporaneously pending proceedings"). Where, as here, the federal action seeks to determine whether a party is covered by insurance for potential liability and a state court action seeks to determine whether that party is in fact liable, the two proceedings are not deemed parallel for *Brillhart* abstention purposes. *Kelly,* 868 F.3d at 283-287 (correcting "error propagating among some of the district courts in this Circuit" and expressly rejecting the position advocated here). *See also Evanston Ins. Co. v. Neuromonitoring Techs., Inc.,* Civ. No. 18-11497, 2019 WL 1916203 at *2 (D.N.J. Apr. 30, 2019) (Bumb, U.S.D.J.) (following *Kelly* and rejecting argument that coverage action and underlying tort action were parallel); *Collazos,* 2017 WL 4711451, at *2 (proceedings "are not parallel" where "one is a personal injury suit and the other an insurance coverage dispute"). Thus, Mr. Lento's pre-motion letter erroneously relies on some of the same early district court decisions that were later abrogated by the Third Circuit's decision in *Kelly.*

As a final matter, even if this consolidated action involved solely declaratory judgment claims and a parallel state court action existed in which Sentinel was a party, the remaining equitable considerations discussed in *Brillhart* and its progeny (the *Reifer* factors) as applied to the facts of this case warrant the retention of jurisdiction and the denial of Mr. Groff's belated proposed motion. First, this federal court's declaration and determination unquestionably will resolve the uncertainty of obligations that gave rise to this action. Second, there is no chance of duplicative litigation, great inconvenience to the parties or the prospect of fencing here – both parties' competing coverage actions are consolidated and before this Court, which will issue rulings resolving both. Third, there is no great public interest in this private contractual dispute, other than the usual interest in fair adjudication that this Court is well-equipped to address. Finally, there simply is no "inherent conflict of interest" at play here in connection with the duty to defend the underlying state court actions, as Sentinel disclaimed any defense and indemnity obligations for the underlying sexual harassment lawsuits and the putative insureds are protecting their own interests therein. Accordingly, there are no sound reasons present that would warrant this Court declining to hear the claims before it. *See, e.g., Collazos,* 2017 WL 4711451 at **2-3 (discussing remaining Third Circuit factors); *Neuromonitoring Techs.*, 2019 WL 1916203 at *4 (analyzing *Reifer* factors and holding that retention of jurisdiction over coverage action appropriate).

Based on the foregoing, Mr. Groff's request for a pre-motion conference should be rejected, and this case should proceed to the filing of dispositive motions, as the parties expressly agreed and as Magistrate Judge Donio ordered.

              Respectfully submitted,

              */s/ Patrick D. Bonner Jr.*

              Patrick D. Bonner, Jr.

cc:  All Counsel (by e-filing)