IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, LTD., <br>         Plaintiff, <br> v. <br> CONRAD J. BENEDETTO, individually and doing business as THE LAW OFFICES OF CONRAD J. BENEDETTO, and JOHN GROFF, <br>         Defendants. | Civil No. 19-20142 (RMB/AMD) |
| CONRAD J. BENEDETTO, THE LAW OFFICES OF CONRAD J. BENEDETTO, and JOHN GROFF, <br>         Plaintiffs, <br> v. <br> SENTINEL INSURANCE COMPANY, LTD., et al., <br>         Defendants. | |

### DEFENDANTS, CONRAD J. BENEDETTO AND THE LAW OFFICES OF CONRAD J. BENEDETTO ANSWER TO PLAINTIFF'S COMPLAINT

AND NOW come, Defendants, Conrad J. Benedetto and the Law Offices Of Conrad J. Benedetto Answering Plaintiff, Sentinel Insurance Company's Complaint As Follows

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted in part, denied in part. It is admitted that the Benedetto Firm has offices located in New Jersey and Pennsylvania and that it maintains an office at the address averred. The remaining averments are denied.

6. Denied as averred. It is specifically denied that Defendant, Groff is a current employee of answering Defendants.

7. Denied. The averments contained in this paragraph are conclusions of law and denied as such by the Federal Rules of Civil Procedure and no answering averments are required.

8. Denied. The averments contained in this paragraph are conclusions of law and denied as such by the Federal Rules of Civil Procedure and no answering averments are required.

9. Admitted in part, denied in part. It is admitted that Defendant issued insurance policies as averred. Answering Defendants believe and therefore aver that there were more than three policies issued.

10. Admitted.

11. Denied. The averments contained in this paragraph refer to the contents of the insurance policies which are written documents and speak for themselves.

12. Denied. The averments contained in this paragraph refer to the contents of the insurance policies which are written documents and speak for themselves.

13. Denied. The averments contained in this paragraph refer to the contents of the insurance policies which are written documents and speak for themselves.

14. Denied. The averments contained in this paragraph refer to the contents of the insurance policies which are written documents and speak for themselves.

15. Denied. The averments contained in this paragraph are conclusions of law and denied as such by the Federal Rules of Civil Procedure and no answering averments are required.

16. Admitted.

17. Denied. The averments contained in this paragraph refer to the contents of the complaints which are written documents and speak for themselves.

18. Denied. The averments contained in this paragraph refer to the contents of the complaints which are written documents and speak for themselves.

19. Denied. The averments contained in this paragraph refer to the contents of the complaints which are written documents and speak for themselves.

20. Denied. The averments contained in this paragraph refer to the contents of the complaints which are written documents and speak for themselves.

21. Admitted.

22. Denied. The averments contained in this paragraph are conclusions of law and denied as such by the Federal Rules of Civil Procedure and no answering averments are required.

## FIRST CAUSE OF ACTION

23. Answering Defendants incorporate by reference the answers and denials set forth above as well as the allegations contained in their own complaint as if more set forth herein.

24. Denied. The averments contained in this paragraph are conclusions of law and denied as such by the Federal Rules of Civil Procedure and no answering averments are required.

25. Denied. The averments contained in this paragraph are conclusions of law and denied as such by the Federal Rules of Civil Procedure and no answering averments are required.

26. Denied. The averments contained in this paragraph are conclusions of law and denied as such by the Federal Rules of Civil Procedure and no answering averments are required.

27. Denied. The averments contained in this paragraph are conclusions of law and denied as such by the Federal Rules of Civil Procedure and no answering averments are required.

## SECOND CAUSE OF ACTION

28. Answering Defendants incorporate by reference the answers and denials set forth above as well as the allegations contained in their own complaint as if more set forth herein.

29. Denied. The averments contained in this paragraph are conclusions of law and denied as such by the Federal Rules of Civil Procedure and no answering averments are required.

30. Denied. The averments contained in this paragraph are conclusions of law and denied as such by the Federal Rules of Civil Procedure and no answering averments are required.

31. Denied. The averments contained in this paragraph are conclusions of law and denied as such by the Federal Rules of Civil Procedure and no answering averments are required.

32. Denied. The averments contained in this paragraph are conclusions of law and denied as such by the Federal Rules of Civil Procedure and no answering averments are required.

WHEREFORE, Answering Defendants respectfully request that this Honorable Court issue judgment in their favor and against Plaintiff, Sentinel Insurance Company.

**THE LAW OFFICES OF CONRAD J. BENEDETTO**

BY: *S/ CONRAD J. BENEDETTO*
Conrad J. Benedetto, Esquire
1615 South Broad Street
Philadelphia, PA 19240
T: 215- 389-1900
Email: conrad_benedetto@comcast.net
Pro Se and attorney for the
Law Offices of Conrad J. Benedetto

Date: June 22, 2020