IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, LTD., :<br>Plaintiff, :<br>v. :<br>CONRAD J. BENEDETTO, :<br>individually and doing :<br>business as THE LAW OFFICES OF :<br>CONRAD J. BENEDETTO, and JOHN :<br>GROFF, :<br>Defendants. : | Civil No. 19-20142 (RMB/AMD) |
| CONRAD J. BENEDETTO, THE LAW :<br>OFFICES OF CONRAD J. BENEDETTO, :<br>and JOHN GROFF, :<br>Plaintiffs, :<br>v. :<br>SENTINEL INSURANCE COMPANY, :<br>LTD., et al., :<br>Defendants. : | |

### MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT OF CONRAD J. BENEDETTO AND THE LAW OFFICES OF CONRAD J. BENEDETTO

I.  FACTS

The Benedetto Parties incorporate by reference the facts averred in the Statement of Uncontested Facts as if more fully set forth herein.

II.  LAW

   A. STANDARD

A Motion for Partial Judgment is governed by Federal Rule of Civil Procedure 56, which provides in significant part:

> (a) MOTION FOR PARTIAL JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense — or the

part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

It is well established that summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure ("FRCP"), "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Gray v. York Newspapers, 957 F.2d 1070, 1078 (3d Cir. 1992). A Court should deny summary judgment "if there is evidence sufficient to allow a reasonable jury to return a verdict for the non-moving party or if the factual dispute is one which might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

When the Court decides a Motion for Partial Summary Judgment under Rule 56, "the test is whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law." Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999) (citing Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994)).

The Court must examine the evidence in the light most favorable to the non-moving party and resolve all reasonable inferences in that party's favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). Using this as a standard, summary judgment must be granted in favor of the Benedetto parties.

## B. ARGUMENT

Sentinel's denial was based on the assertion that the alleged damages suffered by the plaintiffs in the underlying actions did not constitute injuries that are compensable under the policy, and therefore, was not covered under the policy. This analysis is simplistic and contrary to New Jersey Law.

The duty to defend under a policy of insurance is different from the duty to indemnify and, as such, must be analyzed separately. "[T]he duty to defend comes into being when the complaint states a claim constituting a risk insured against." Danek v. Hommer, 28 N.J. Super. 68, 77, 100 A.2d 198 (App. Div. 1953), aff'd o.b., 15 N.J. 573, 105 A.2d 677 (1954) It depends upon a comparison between the allegations set forth in the complainant's pleading and the language of the insurance policy. Voorhees v. Preferred Mutual Insurance Co., 128 N.J. 165, 607 A.2d 1255 (1992); Ohio Cas. Ins. Co. v. Flanagin, 44 N.J. 504, 512, 210 A.2d 221 (1965); L.C.S., Inc. v. Lexington Ins. Co., 371 N.J.Super. 482, 490, 853 A.2d 974 (App.Div.2004). In doing such an analysis, the Court must look at the nature of the claims asserted to determine the insurer's obligation. Flomerfelt v. Cardiello 202 N.J 432, 997 A.2d 991 (2010); Flanagin, supra, 44 N.J. at 512, 210 A.2d 221.(2010).

The Court must resolve all doubts in favor of the insured when doing this analysis and an insurance company must provide a defense if it is possible that the cause of action is covered under the policy. Central. National Insurance Company v. Utica National Insurance Group, 232 N.J.Super. 467, 470, 557 A.2d 693 (App.Div.1989). If the complaint contains multiple counts or theories of liability, the duty to defend is still applicable and continues until all of the covered claims have been resolved. Voorhees, supra, 128 N.J. at 174, 607 A.2d 1255.

Here, the complaints in the underlying claims assert multiple claims for negligence, all of which allegedly resulted in emotional or psychological harm. Reading the complaints in their totality, those plaintiffs have alleged Negligent Infliction of Emotion Distress.

Generally, a person making a claim for Negligent Infliction of Emotion Distress must prove that the emotional distress was so severe so as to result in physical manifestations of the distress. Carey v. Lovett, 132 N.J. 44, 622 A.2d 1279 (1993). Therefore the plaintiffs in the underlying action will have to prove this physical component in order to recover damages. The question of whether an insurance company is required to provide coverage under such circumstances was decided in Voohees, supra.

In Voorhees, the New Jersey Supreme Court was presented with the issue of whether an insurance policy providing coverage for bodily injuries caused by the insured will cover liability for emotional distress accompanied by physical manifestations. The Court found that it did.

There, just as here, the dispute involved whether the complaint in the underlying action alleged a covered loss. In Voorhees, the Plaintiff had been sued for defamation in the underlying action and requested that her carrier cover the loss. She submitted the claim to her insurance carrier. The carrier declined to provide coverage based, in part, on the fact that the complaint did not allege bodily injury. Voorhees paid approximately $14,000.00 defending the litigation and then sued her carrier for not providing her with a defense. The case ended up in the New Jersey Supreme Court where Vorhees prevailed.

The Court concluded that the term "bodily injury" includes emotional injuries accompanied by physical manifestations, which it stated was the definition of "bodily injury under insurance law. The Court did not limit this definition of "bodily injury" to the specific facts of the case. As a result, as matter of law, New Jersey defines "bodily injury" to include emotional injuries with

physical manifestations for the purpose of insurance law. The Sentinel policy provides coverage for "bodily injuries". As this includes emotional injuries that include physical manifestations, it is obligated to defend the Benedetto parties was "unless and until the physical ailments were disproved or the underlying allegations were dismissed". Voorhees, 128 N.J. 165, 180. See also Abouzaid v. Mansard Gardens Associates, LLC; 23 A.3d 338, 207 N.J. 67 (2011) which extended the Voorhees decision to commercial policies.

The Voorhees Court also noted that this result is "in accord with the insured's objectively-reasonable expectations", noting that "emotional distress can and often does have a direct effect on other bodily functions", and that an insured who is sued on account of an injury involving physical symptoms could reasonably expect an insurance policy for liability for bodily injuries to provide coverage. Voorhees, 128 N.J. 165, 178.

It is anticipated that Sentinel will argue that the underlying complaints do not allege either counts for Negligent Infliction of Emotional Distress or that either plaintiff suffered physical manifestations as a result thereof. This is of no import.

In Voorhees, the insured was sued for defamation. It was the only count in the complaint. In finding that the insurance company had an obligation to defend, the Court stated that

> There is little dispute that the complaint was inartfully drafted. It does not clearly articulate the facts necessary to prove any specific cause of action. The duty to defend, however, is determined by whether a covered claim is made, not by how well it is made. A third party does not write the complaint to apprise the defendant's insurer of potential coverage; fundamentally, a complaint need only apprise the opposing party of disputed claims and issues. Jardine Estates, Inc. v. Koppel, 24 N.J. 536, 542, 133 A.2d 1 (1957); Miltz v. Borroughs-Shelving, 203 N.J. Super. 451, 458, 497 A.2d 516 (App.Div. 1985).

This principle was also recognized in Jolley v. Marquess, 393 N.J. Super. 255, 274 (App. Div. 2007), where the Appellate division that recognized that "facts outside the complaint may trigger a duty to defend" in the same way the complaint's language itself may require the insurer

to cover its client, the defendant. 393 N.J. Super. at 271. The focus on the inquiry should be on the true "nature" of the allegations, see Flomerfelt v. Cardiello, 202 N.J. 432, 444 (2010), rather than a "label."

Voorhees and its progeny are directly on point. Sentinel has an obligation to defend the Benedetto parties in the underlying actions. The question of whether Sentinel must indemnify the Benedetto parties cannot be determined until after trial.

### III. CONCLUSION

For all the foregoing reasons, the Benedetto parties' Motion for Partial Judgment must be granted.

**Respectfully submitted,**

**THE LAW OFFICES OF CONRAD J. BENEDETTO**

BY: *S/ Conrad J. Benedetto*
    **Conrad J. Benedetto, Esquire**
    **1615 South Broad Street**
    **Philadelphia, PA 19240**
    **Telephone number: 215-389-1900**
    **Email: conrad_benedetto@comcast.net**
    **Pro Se and attorney for the**
    **Law Offices of Conrad J. Benedetto**

**Date: July 29, 2020**