# EXHIBIT E

**MENZ BONNER KOMAR & KOENIGSBERG LLP**
Patrick D. Bonner Jr.
(pbonner@mbkklaw.com)
One North Lexington Avenue, Suite 1550
White Plains, New York 10601
Tel.: (914) 949-0222/ Fax: (914) 997-4117
*Attorneys for Defendant Sentinel Insurance Company, Ltd.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------------------------x

| | |
|---|---|
| CONRAD J. BENEDETTO, THE LAW OFFICES OF CONRAD J. BENEDETTO, and JOHN GROFF,<br><br>Plaintiffs,<br><br>-vs-<br><br>SENTINEL INSURANCE COMPANY, LTD., JOHN DOES and ABC ENTITIES A-Z,<br><br>Defendants. | Civil Action No.<br>20-cv-00483-RMB-AMD<br><br><br>**DEFENDANT SENTINEL INSURANCE COMPANY LTD.'S ANSWER AND SEPARATE DEFENSES** |

------------------------------------------------------------------------x

Defendant Sentinel Insurance Company, Ltd. ("Sentinel"), by and through its attorneys, Menz Bonner Komar & Koenigsberg LLP, as and for its Answer to the Complaint ("Complaint") of plaintiffs Conrad J. Benedetto, The Law Office of Conrad J. Benedetto and John Groff ("Plaintiffs"), states as follows:

1. Sentinel admits that this action seeks declaratory relief, refers the Court to the Complaint, which speaks for itself, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Sentinel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Sentinel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Sentinel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Admitted.

6. Sentinel admits that it issued primary liability insurance policies to "Conrad Benedetto DBA Law Offices of Conrad J. Benedetto": 38 SBA BX9035 (10/12/2015 – 10/12/2016); 38 SBA BX9035 (10/12/2016 – 10/12/2017); 38 SBA BX9035 (10/12/2017 – 10/12/2018); 38 SBA BX9035 (10/12/2018 – 10/12/2019); and 38 SBA BX9035 (10/12/2019 – 10/12/2020).

7. Sentinel denies the allegations contained in Paragraph 7 of the Complaint as written, and refers the Court to the Sentinel Policies, which speak for themselves.

8. Sentinel denies the allegations contained in Paragraph 8 of the Complaint as written, and refers the Court to the Sentinel Policies, which speak for themselves.

9. Sentinel denies the allegations contained in Paragraph 9 of the Complaint as written, and refers the Court to the Sentinel Policies, which speak for themselves.

10. Denied.

11. Sentinel admits that it sent correspondence to Plaintiffs dated November 4, 2019 denying coverage for the Underlying Actions, states that said correspondence speaks for itself, and otherwise denies the allegations contained in Paragraph 11 of the Complaint.

**COUNT ONE**
**DECLARATORY RELIEF – DEFENDANTS DUTY TO DEFEND**

12. Sentinel incorporates by reference and realleges its responses to Paragraphs 1 through 11 of the Complaint as if fully set forth herein.

13. Sentinel denies the allegations contained in Paragraph 13 of the Complaint as written, and refers the Court to the Sentinel Policies, which speak for themselves.

14. Denied.

2

15. The allegations contained in Paragraph 15 of the Complaint constitute legal conclusions and do not contain statements of fact to which a response is required. To the extent any answer is deemed warranted, Sentinel admits that it has denied coverage to Plaintiffs for the Underlying Actions.

16. Denied.

The statements contained in the Wherefore clause constitute legal conclusions and do not contain statements of fact to which a response is required. To the extent any answer is deemed warranted, Sentinel denies that the Plaintiffs are entitled to obtain any of the relief requested from Sentinel.

## COUNT TWO
## DECLARATORY RELIEF – DEFENDANTS DUTY TO INDEMNIFY

17. Sentinel incorporates by reference and realleges its responses to Paragraphs 1 through 16 of the Complaint as if fully set forth herein.

18. Sentinel denies the allegations contained in Paragraph 18 of the Complaint as written, and refers the Court to the Sentinel Policies, which speak for themselves.

19. Denied.

20. The allegations contained in Paragraph 20 of the Complaint constitute legal conclusions and do not contain statements of fact to which a response is required. To the extent any answer is deemed warranted, Sentinel admits that it has denied coverage to Plaintiffs for the Underlying Actions.

21. Denied.

The statements contained in the Wherefore clause constitute legal conclusions and do not contain statements of fact to which a response is required. To the extent any answer is deemed warranted, Sentinel denies that the Plaintiffs are entitled to obtain any of the relief requested from Sentinel.

3

## COUNT THREE
## BREACH OF CONTRACT

22. Sentinel incorporates by reference and realleges its responses to Paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. Denied.

24. Sentinel admits that it is entitled to recover its reasonable attorney's fees to declare its rights under the Sentinel Policies.

The statements contained in the Wherefore clause constitute legal conclusions and do not contain statements of fact to which a response is required. To the extent any answer is deemed warranted, Sentinel denies that the Plaintiffs are entitled to obtain any of the relief requested from Sentinel.

## COUNT FOUR
## BAD FAITH

25. Sentinel incorporates by reference and realleges its responses to Paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. Sentinel states that at all times it acted reasonably and in good faith, and otherwise denies the allegations contained in Paragraph 26 of the Complaint.

27. Denied.

28. Denied.

The statements contained in the Wherefore clause constitute legal conclusions and do not contain statements of fact to which a response is required. To the extent any answer is deemed warranted, Sentinel denies that the Plaintiffs are entitled to obtain any of the relief requested from Sentinel.

## COUNT FIVE
## JOHN DOES and ABC ENTITIES A-Z

29. Sentinel incorporates by reference and realleges its responses to Paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. The allegations in Paragraph 30 are not directed to Sentinel. To the extent any answer is deemed warranted, Sentinel denies it engaged in any improper or tortious actions and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Denied.

The statements contained in the Wherefore clause constitute legal conclusions and do not contain statements of fact to which a response is required. To the extent any answer is deemed warranted, Sentinel denies that the Plaintiffs are entitled to obtain any of the relief requested from Sentinel.

## AFFIRMATIVE DEFENSES

By advancing the Affirmative Defenses set forth below, Sentinel does not admit that it bears the burden of proof or the burden of going forward with evidence on any matter related to any of the Affirmative Defenses.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is subject to dismissal pursuant to the first-filed rule, insofar as there is a substantially similar, prior pending action concerning the subject matter of this action in which full and adequate relief can be afforded.

5

### THIRD AFFIRMATIVE DEFENSE

Some or all of the claims alleged against Sentinel may be barred by the applicable statute of limitations and/or statute of repose, and/or by various equitable doctrines, including but not limited to, laches, unclean hands, waiver, and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The allegations in the Underlying Actions do not qualify as personal and advertising injury under the Policies.

### FIFTH AFFIRMATIVE DEFENSE

Sentinel Policy 38SBABX9035 for the period October 12, 2015 to October 12, 2016 is not at issue insofar as the Underlying Actions allege that injuries at issue occurred after October 1, 2017.

### SIXTH AFFIRMATIVE DEFENSE

Coverage is barred to the extent the alleged injuries, damages, claims and loss at issue in the Underlying Actions were known or in progress prior to the issuance of any of the Sentinel Policies.

### SEVENTH AFFIRMATIVE DEFENSE

The Sentinel Policies require that bodily injury or property damage occur during the policy period and do not provide coverage for any losses or damage that occurred prior to the inception or after the expiration of the period during which any policy was in effect.

### EIGHTH AFFIRMATIVE DEFENSE

The Sentinel Policies do not provide coverage for bodily injury, damage or loss that is expected or intended from the standpoint of the insured and/or that is not caused by an "occurrence" as defined in the Sentinel Policies.

6

## NINTH AFFIRMATIVE DEFENSE

Subject to all other terms, conditions and provisions, the Sentinel Policies provide coverage only for "personal and advertising injury" that was caused by an offense arising out of the named insured's business that was committed in the "coverage territory" during the policy period (as such terms are defined in the Sentinel Policies).

## TENTH AFFIRMATIVE DEFENSE

The Sentinel Policies do not provide coverage for discrimination or humiliation that results in injury to the feelings or reputation of a natural person.

## ELEVENTH AFFIRMATIVE DEFENSE

The Sentinel Policies to not provide coverage for mental anguish that does not arise out of bodily injury, sickness or disease.

## TWELFTH AFFIRMATIVE DEFENSE

Sentinel's disclaimer of coverage was proper and clearly apprised Plaintiffs of the relevant policy exclusions and provisions that preclude coverage for the Underlying Actions.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Sentinel Policies do not provide coverage for "bodily injury" or "property damage" if an insured or authorized employee knew, prior to the policy period, that such "bodily injury" or "property damage" had occurred, in whole or in part.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Sentinel Policies do not provide coverage for punitive or exemplary damages, reinstatement of employment and benefits, back pay and benefits, front pay and benefits, reinstatement, equitable or injunctive relief, fine, penalties or other sums or relief that do not constitute "damages" because of "bodily injury," "property damage" or "personal and advertising injury."

## FIFTEENTH AFFIRMATIVE DEFENSE

Sentinel's obligations, if any, are defined by the terms, limitations, definitions, conditions, and exclusions contained in the Sentinel Policies, including, without limitation, conditions precedent, per occurrence and aggregate limits, deductibles, self-insured retentions, policy periods, requirements of exhaustion of other insurance, and notice requirements.

## SIXTEENTH AFFIRMATIVE DEFENSE

Sentinel has no coverage obligation to the extent Plaintiffs breached conditions precedent to coverage under the Sentinel Policies.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Sentinel has no coverage obligation to the extent Plaintiffs failed to provide Sentinel with timely and proper notice of the alleged accident or occurrence, if any, that forms the basis for the claims asserted herein.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Sentinel Policies does not provide coverage for payments voluntarily made, expenses voluntarily incurred, or obligations voluntarily assumed without prior approval of and consent by Sentinel.

## NINETEENTH AFFIRMATIVE DEFENSE

Sentinel is not obligated to pay any costs incurred before the claim was tendered to Sentinel.

## TWENTIETH AFFIRMATIVE DEFENSE

Sentinel may be entitled to contribution, indemnification, apportionment, or other relief from Plaintiffs, their subrogees and/or other entities that may be subject to joinder in this action, and any liability or duty Sentinel may owe should be limited or reduced by such contribution, indemnification, apportionment, or other relief.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Sentinel are barred, in whole or in part, to the extent that coverage is sought under the Sentinel Policies for sums which the Plaintiffs are not legally obligated to pay as "damages" within the meaning of the Sentinel Policies.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Coverage may be barred, in whole or in part, to the extent that Plaintiffs failed to properly mitigate, minimize or avoid the damages, injury, loss or liability allegedly sustained.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Coverage is or may be barred, in whole or in part, to the extent that Plaintiffs have incurred any costs that are unreasonable, excessive, improper or unnecessary.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Any amounts potentially recoverable must be reduced or offset by recoveries already obtained from any other source.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to recover from Sentinel its costs, expenses and attorneys' fees in this action.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Sentinel at all times has acted promptly, reasonably and in good faith, and the existence or extent of coverage for the claims and allegations in the Underlying Actions is fairly debatable.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Even if coverage was afforded for certain claims at issue in the Underlying Actions (which Sentinel expressly denies), any defense or indemnity costs incurred must be equitably allocated between covered and uncovered claims.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Coverage for the claims at issue in the Underlying Actions may be barred, in whole or in part, by the "expected or intended injury" exclusion contained in the Sentinel Policies.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Coverage for the claims at issue in the Underlying Actions is barred, in whole or in part, by the "Workers' Compensation and Similar Laws" exclusion contained in the Sentinel Policies.

### THIRTIETH AFFIRMATIVE DEFENSE

Coverage for the claims at issue in the Underlying Actions is barred, in whole or in part, by the "Employer's Liability" exclusion contained in the Sentinel Policies.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Coverage for the claims at issue in the Underlying Actions is barred, in whole or in part, by the "Employment-Related Practices" exclusion contained in the Sentinel Policies.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims against Sentinel are barred to the extent that any insured for whom coverage is sought failed to fully perform, comply and/or satisfy all of the obligations, terms and conditions of the Sentinel Policies.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against Sentinel are barred, in whole or in part, to the extent that Sentinel's rights of subrogation and contribution have been impaired.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Coverage may be excluded or reduced to the extent that any other valid and collectible insurance or indemnity, whether on a primary, excess or contingent basis or otherwise, exists or is available to the insured.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Coverage for the Underlying Actions and/or relief sought therein is barred to the extent it is not allowed under applicable law and/or would violate public policy.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

At this time, Sentinel lacks sufficient knowledge to form a belief as to the existence and availability of additional affirmative defenses due to the fact that no discovery has taken place. Accordingly, Sentinel reserves the right to amend its Answer to assert additional affirmative defenses that may become apparent through discovery or other investigation and as additional information becomes available.

WHEREFORE, Sentinel prays for judgment:

(1) dismissing the Complaint with prejudice as to Sentinel;

(2) declaring that Sentinel has no duty to defend or indemnify Plaintiffs in connection with the Underlying Actions;

(3) awarding Sentinel its costs and attorneys' fees; and

(4) providing such other and further relief as the Court may deem appropriate.

11

Dated: White Plains, New York
January 22, 2020

                    MENZ BONNER KOMAR & KOENIGSBERG LLP


By:   */s/ Patrick D. Bonner Jr.*
       Patrick D. Bonner Jr.
       (pbonner@mbkklaw.com)

One North Lexington Avenue, Suite 1550
White Plains, New York 10601
Tel.: (914) 949-0222
*Attorneys for Defendant Sentinel Insurance Company, Ltd.*

12