# EXHIBIT F

**(PART 2 OF 2)**

32.    Defendants breached that duty of care by negligently supervising John Groff when they knew, or should have known, that he was an eight-time convicted criminal, he is unethical, he is untrustworthy, and is a completely inappropriate person to entrust with management of a law firm.

33.    Further, Defendants should have known the manner in which the client was a member of the firm, the manner in which he was compensating the firm (here, with sex), and the manner in which Mr. Groff was involved in the matters before the Court, which appears to have been substantial and beyond that which is permitted by a layman.

34.    As a direct and proximate result of this negligence, Plaintiff has had promises of the manner in which his criminal matters would be disposed of breached and he has had less than zealous representation, resulting in worse results than if Mr. Groff had not been involved.

35.    As a result of this negligence, promises made by Groff on behalf of the firm were not fulfilled, Plaintiff's incarceration was greater than that which was promised, and Plaintiff has suffered extreme emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages and attorneys' fees pursuant to <u>Saffer v. Willoughby</u>, 670 A.2d 527 (N.J. 1996), interest, costs and such further relief as the Court may find just and equitable.

**DESIGNATION OF TRIAL COUNSEL**

Matthew S. Wolf is designated as trial counsel in this action.

**CERTIFICATION PURSUANT TO RULE 4:5-1**

I hereby certify that the within matter in controversy is not the subject of a claim filed by the Plaintiff, and there is no other party who should be joined in this action at this time. Plaintiff reserves the right to bring into this action parties whose liability may be derived from discovery in this matter. Plaintiff does have criminal matters pending in the Superior Court.

5

## JURY TRIAL DEMAND

Plaintiff hereby demands trial by jury as to all such issues so triable.

Respectfully submitted,
MATTHEW S. WOLF, ESQUIRE, LLC

Marisa J. Hermanovich
Attorneys for Plaintiff

Dated: December 14, 2015

6

# Matthew S. Wolf, Esquire

Admitted in NJ & PA

Unit B, 2nd Floor
1236 Brace Road
Cherry Hill, NJ 08034

Matthew S. Wolf, Esquire, LLC

Marisa J. Hermanovich, Esquire
Admitted in NJ, PA & FL

Tel: (856) 872-2929
Fax: (856) 872-2928
mwolf@matthewswolf.com
marisa@matthewswolf.com

December 14, 2015

Clerk of the Superior Court
Camden County, Civil Division
101 South 5th Street Rm 150
Camden NJ 08103-4000

*RECEIVED 2015 DEC 14 PM 3: 50 SUPERIOR COURT LAW DIV.*

RE:   *Javier Carrasquillo* v. *Conrad J. Benedetto, Esquire, &
the Law Offices of Conrad J. Benedetto*
**Docket No.: CAM-L-**

Dear Clerk:

This firm represents the Plaintiff in the above-captioned matter. Enclosed please find an original and one (1) copy of the following documents for filing:

1.     Civil Case Information Statement; and
2.     Complaint.

Please charge our Attorney Collateral Account No. 142322 for the $250 filing fee. Please assign a docket number and return a "filed" stamped copy in the enclosed self-addressed stamped envelope. Thank you for your attention to this matter. Should you have any questions, feel free to contact my office.

Sincerely,

Sharon E. Roman, Paralegal
Office Manager
sharon@matthewswolf.com

Encl.

cc:     Client

Case 1:19-cv-20142-RMB-AMD   Document 40-17   Filed 08/25/20   Page 5 of 31 PageID: 2076

# EXHIBIT

# A

CRIMINAL RECORDS          Fax:8563792255          May  3 2005  15:45          P.02

01004807-001 - CAMDEN COUNTY          CJ96-1884-01

| State of New Jersey | New Jersey Superior Court Law Division – Criminal CountyName County |
|---|---|

v.

| Defendant, (Specify Complete Name) | JOHN GROFF, JR. a/k/a JOHN GRAFF, JOHN JE. GRO | ☒ JUDGMENT OF CONVICTION |
|---|---|---|

☒ CHANGE OF JUDGMENT

| DATE OF BIRTH | 08/27/71 | SBI NUMBER | 811749B |
|---|---|---|---|

☐ ORDER FOR COMMITMENT

☐ INDICTMENT / ACCUSATION DISMISSED

| DATE OF ARREST | 07/27/01 | DATE INDICTMENT/ ACCUSATION FILED | 07/27/01 |
|---|---|---|---|

☐ JUDGMENT OF ACQUITTAL

X - AMENDED/VACATING SENTENCE OF SEPTEMBER 19, 2003.

| DATE OF ORIGINAL PLEA | 09/25/02 RENEGOTIATED PLEA - 11/03/04 | ORIGINAL PLEA ☐ Not Guilty  ☒ Guilty |
|---|---|---|

ADJUDICATION BY

| ☒ GUILTY PLEA | DATE: | 09/25/02 RENEGOTIATED PLEA - 11/03/04 | ☐ NON-JURY TRIAL | DATE: |
|---|---|---|---|---|
| ☐ JURY TRIAL | DATE: | | ☐ DISMISSED / ACQUITTED | DATE: |

ORIGINAL CHARGES

| IND / ACC NO. | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| S-43-07-01 | 1 | CONSPIRACY | 2 | 2C:5-2 |
| | 2 | ATTEMPTED THEFT BY DECEPTION | 2 | 2C:5-1 |

FINAL CHARGES

| COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|
| 2 | (AMENDED) ATTEMPTED THEFT BY DECEPTION | 3 | 2C:5-1 |

It is, therefore, on 11/03/04 ORDERED and ADJUDGED that the defendant is sentenced as follows:
SEE ATTACHED SENTENCE AND STATEMENT OF REASONS FOR SENTENCE

☐ The defendant is hereby sentenced to community supervision for life.

☐ The defendant is hereby ordered to serve a _____ year term of parole supervision which term shall begin as soon as defendant completes the sentence of incarceration.

☐ The court finds that the defendant's conduct was characterized by a pattern of repetitive and compulsive behavior.

☐ The court finds that the defendant is amenable to sex offender treatment.

☐ The court finds that the defendant is willing to participate in sex offender treatment.

☒ The defendant is hereby ordered to provide a DNA sample and ordered to pay the costs for testing of the sample provided.

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| ☒ Defendant is to receive credit for time spent in custody (R. 3:21-8). | TOTAL NUMBER OF DAYS 414 | DATE: (From/To) 07/27/01 TO 07/28/01 |
|---|---|---|
| | | DATE: (From/To) 09/19/03 TO 11/03/04 |
| ☐ Defendant is to receive gap time credit for time spent in custody (N.J.S.A. 2C:44-5b(2)). | TOTAL NUMBER OF DAYS | DATE: (From/To) |
| | | DATE: (From/To) |

| Total Custodial Term | Institution | Total Probation Term | FIVE (5) YEARS SUPERVISED WITH CONDITIONS. |
|---|---|---|---|

Administrative Office of the Courts
State Bureau of Identification
COPIES TO:  CHIEF PROBATION OFFICER STATE POLICE     AOC CRIMINAL PRACTICE DIVISION     DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

CP01005s (rev. 08/2002)
Page 1 of 2

CRIMINAL RECORDS          Fax:8563792255          May  3 2005  15:45          P. 03

State of New Jersey v.  JOHN GROFF, JR.          S.B.I. # 811749B          Ind / Aco #  S-43-07-01

| Total Fine  $ |
| Total RESTITUTION  $ |

If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1986 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.)

☒ Assessment imposed on

count(s) 1

is $50 each.

Total VCCB Assessment $50

Installment payments are due at the rate of

$20          per MONTH

beginning     12/03/04
              (Date)

If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C,

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count.  (Write in # times for each.)

|  | 1st Degree @ $3000 |  | 4th Degree @ $750 |
|  | 2nd Degree @ $2000 |  | Disorderly Persons or Petty |
|  | 3rd Degree @ $1000 |  | Disorderly Persons @ $500 |

Total D.E.D.R. Penalty  $_____

☐ Court further Orders that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A forensic laboratory fee of $50 per offense is ORDERED. _____ Offenses @ $50.

Total Lab Fee  $_____

3) Name of Drugs Involved _____

4) A mandatory driver's license suspension of _____ months is ORDERED.

The suspension shall begin today, _____ and end _____.

Driver's License Number _____

(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)

Defendant's Address _____

Eye Color _____          Sex _____          Date of Birth  08/27/71

☐ The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____, Driver's License Number _____

☐ Defendant's non-resident driving privileges are hereby revoked for _____ months.

If the offense occurred on or after February 1, 1993 but before March 13, 1995 and the sentence is to probation or to a state correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1992, c. 169). If the offense occurred on or after March 13, 1995 and the sentence is to probation, or the sentence otherwise requires payments of financial obligations to the probation division, a transaction fee of up to $2.00 is ordered for each occasion when a payment is made. (P.L. 1995, c. 9).

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction. (P.L. 1993, c.220)  1 COUNT - $75

If the offense occurred on or after January 5, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered. (P.L. 1993, c. 275) Amount per month $10.

If the crime occurred on or after January 9, 1997, a $30 Law Enforcement Officers Training and Equipment Fund penalty is ordered. YES

If the crime occurred on or after May 4, 2001, and the defendant has been convicted of aggravated sexual assault, aggravated criminal sexual contact, kidnapping under 2C:13-1c(2), endanger the welfare of a child by engaging in sexual conduct which would impair or debauch the morals of a minor under 2C:24-4a, endangering the welfare of a child pursuant to 2C:24-4b(4), luring or enticing a child pursuant to 2C:13-6, criminal sexual contact pursuant to 2C:14-3b if the victim is a minor, kidnapping pursuant to 2C:13-1, criminal restraint pursuant to 2C:13-2 or false imprisonment pursuant to 2C:13-3 if the victim is a minor and the offender is not the parent, promoting child prostitution pursuant to 2C:34-1b(3) or (4), or an attempt to commit any of these crimes, a $800 Statewide Sexual Assault Nurse Examiner Program Penalty is ordered for each of these offenses.

| Name (Court Clerk or Person preparing this form) | Telephone Number | Name (Attorney for Defendant at Sentencing) |
| S. Grigioni | (856)379-2359 | SAUL J. STEINBERG, ESQ. |

STATEMENT OF REASONS -- Include all applicable aggravating and mitigating factors

SEE ATTACHED STATEMENT OF REASONS

| Judge (Name) | Judge (Signature) | Date |
| WILLIAM J. COOK, J.S.C. | [signature] | 11/03/04 |

Administrative Office of the Courts
State Bureau of Identification
COPIES TO:  CHIEF PROBATION OFFICER STATE POLICE    AOC CRIMINAL PRACTICE DIVISION    DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

CP0105a (rev. 06/20/02)
Page 2 of 2

PCN: 30014201812182004358 DCN: 30014201812182004358001 Received Date/Time: 12/17/2018 1:36:15 PM Page 40 of 101

CRIMINAL RECORDS        Fax:8563792255        May  3 2005  15:46        P. 04

## SENTENCE AND STATEMENT OF REASONS FOR SENTENCE

### John Groff, Jr. (I-01-07-43S)

On November 3, 2004, defendant entered into a renegotiated plea agreement with the Prosecutor.  Under the terms of the agreement, in return for defendant's plea of guilty to Amended Count 2, I-01-07-43S, third-degree attempted theft by deception in an amount in excess of $500 and less than $75,000, pursuant to N.J.S.A. 2C:45-1, defendant is to be sentenced to five (5) years supervised probation, with the conditions to include continued cooperation by defendant with law enforcement authorities regarding certain criminal matters, to the extent defendant has knowledge regarding such matters; DNA testing, $50 VCCB, $75 SNSF, $30 LEOPA; Count 1 of I-01-07-43S is to be dismissed; defendant is to receive all lawful jail credits, including 414 days for the periods of July 27-28, 2001 and September 19, 2003 to November 3, 2004; both parties, the defendant and the State, waive the right to appeal the plea and the sentence.  The sentence imposed in this matter on September 19, 2003 is to be vacated; and the sentence which is the subject of this renegotiated plea agreement is to be imposed.

Defendant has entered a renegotiated plea of guilty to Amended Count 2, I-01-07-43S, attempted theft by deception (purposely attempting to obtain property of another in excess of $500 and less than $75,000), a third

degree offense,  in violation of N.J.S.A. 2C:5-1, 2C:20-4 and 2C:2-6.

Amended Count 2 charges defendant with insurance fraud, specifically,

> That defendant, John Groff, Jr., between on or about June 2, 1996 and on or about April 8, 1997, at the Cities of Camden and Gloucester, at the Boroughs of Bellmawr, Runnemede, and Haddon Heights, at the Townships of Voorhees, Pennsauken, and Cherry Hill, in the County of Camden, at the Townships of Evesham and Moorestown, in the County of Burlington, at the Township of Holmdel, in the County of Monmouth, at the City of New Brunswick, in the County of Middlesex, elsewhere, and within the jurisdiction of this Court, the defendant did purposely obtain or attempt to obtain property of another in excess of $500 and less than $75,000 by deception, that is, the defendant did purposely obtain or attempt to obtain in excess of $500 and less than $75,000 from Allstate Insurance Company, State Farm Insurance Company, Liberty Mutual Insurance Company, Prudential Insurance Company, and Material Damage Adjustment Corporation, by creating the false impression that certain individuals had suffered bodily injuries as a result of motor vehicle accidents that occurred on June 2, 1996, June 20, 1996, June 26, 1996, July 13, 1996, July 24, 1996, and August 1, 1996; whereas, in truth and fact, as the defendant well knew, these individuals had not suffered bodily injuries, and said motor vehicle accidents had not occurred.

The Court has reviewed and considered the pre-sentence report,[1] the testimony of New Jersey Department of Criminal Justice Investigator Allan Buecker, Jr., concerning the substantial cooperation of defendant with law enforcement agents in other cases, and the arguments of counsel at sentencing.

---

[1] R. 3:21-2 (preparation and submission of presentence report to the Court; report shall contain all presentence material having any bearing whatever on the sentence and shall be furnished to the defendant and the prosecutor. In the pre-sentence report, the probation officer concludes that given the defendant's prior record and the presumption of incarceration for this offense, defendant does not appear to be a candidate for probation.

Defendant's criminal history includes seven (7) prior convictions, namely, theft- illegal retention (6 counts) (Oct. 1992), with probation violated and terminated in 1997; bad check over $200 (Sept. 1995); two convictions for issuing/passing bad check (Oct. 1995), with probation being violated and terminated in 1997; a CDS related offense (Oct. 1995), with probation being violated and terminated in 1997; theft by deception (Aug. 1996) (Pennsylvania); theft by deception (2 counts) (Nov. 1997). His history also includes 5 prior disorderly persons offenses: intimidation (1993); theft by deception (1994); theft of services (1994); bad check (no account) (1995); harassment (1998).

The presentence report includes the certification of New Jersey Department of Criminal Justice Investigator Allan Buecker, Jr., concerning the activities of defendant Groff that are the subject of this case. Mr. Buecker's duties include conducting investigations concerning insurance fraud crimes. He certifies in pertinent part that:

> 2.   As part of my duties while employed with the Department of Banking and Insurance, I was assigned to the Division of Criminal Justice, as a special State Investigator in August 1996 regarding DCJ case file #96-1884-DI named John Groff. In November 1997, I was transferred to DCJ and was assigned as the lead investigator to the Groff case and handled the case through to indictment in July 2001.

> 3.   In May 1996, John Groff approached this Office in an attempt to become a confidential informant regarding insurance fraud in Camden City, New Jersey. Groff was interviewed and vehemently denied any personal involvement with regard to staging any automobile accidents. The investigation later revealed that Groff was in fact actually staging automobile accidents during the same time

period, he was attempting to become a confidential informant for this Office.

4. On August 9, 1996, co-defendant Luis Ruiz provided a voluntary taped statement to the Pennsauken Police Department to support allegations of terroristic threats committed by John Groff. During his statement, Ruiz advised Detective Craig Morris that he and Groff were staging motor vehicle accidents in the Camden County area...This statement only gave approximate dates and locations of accidents staged by Groff and Ruiz. Through the course of this investigation, I reviewed in excess of 50 accident reports and investigated in excess of 15 potential staged accidents. It should be noted that defendant Groff was among a number of targets being investigated in this conspiratorial scheme.

5. DCJ did not interview, nor question John Groff before he went to State Prison in September 1997, since there was an ongoing investigation involving staged multi-vehicle accidents in the Camden County area. Nonetheless, Groff was well aware of the fact that this Office was investigating him and others connected to the same staged accidents. Through manipulative devices, Groff attempted to obstruct the State's investigation by tampering with witnesses, who may provide credible information leading to Groff's culpability. More specifically, [Dalia] Gonzales advised this Office that an individual contacted her at Groff's direction and offered to pay Gonzales Five Hundred ($500.00) Dollars in United States currency, to convince individuals involved in the staging of car accidents with Groff, to sign paperwork recanting their statements provided to law enforcement...

6. Thereafter, from February 1998 to June 1998, I attended the Division of Criminal Justice Academy, Basic Course for Investigators. This was a full-time Police Academy that is certified by the State of New Jersey Police Training Commission.

7. In August 1998 due to internal manpower restraints, I was specially assigned to a Division priority investigation in Union County, New Jersey. My special assignment concluded in July 2000, at which time the Groff investigation resumed.

8. During the course of this protracted investigation, 19 voluntary sworn taped statements were obtained and transcribed. The following is a time line in which these statements were obtained:

August 1996 to December 1996, 8 statements were obtained from cooperating witnesses; January 1997 through August 1997, 7 statements were obtained through cooperating witnesses, and, December 2000 through April 2001, 5 statements were obtained from cooperating witnesses.   Finally, 2 additional statements were obtained from cooperating witnesses post-indictment.

The pre-sentence report also includes the statement of Luis Ruiz

detailing how defendant staged those accidents.

The aggravating factors are:

Factor 3: The risk that the defendant will commit another crime.

Factor 5: There is a substantial likelihood that the defendant is involved in organized criminal activity.  The pre-sentence report includes statements of other persons involved in the "staged automobile accidents" scheme that defendant set up, concerning fake accidents, as well as fake victims, a lawyer for the fake victims (Michael Gernak), and a chiropractor to provide fake reports and bills. (Statement of co-defendant Luis Ruiz, Exhibit C to the Certification of Investigator Buecker in the pre-sentence report).

Factor 6: The extent of the defendant's prior criminal record and the seriousness of the offenses of which he has been convicted.

Factor 9: The need for deterring defendant and others from violating the law.

Factor 11: The imposition of a fine, penalty, or order for restitution without also imposing a term of imprisonment would be perceived by the defendant or others merely as part of the cost of doing business or as an acceptable contingent business or operating expense associated with the initial decision to resort to unlawful practices.

The mitigating factor is factor 12, the willingness of the defendant to

cooperate with law enforcement authorities.     His cooperation has

continued ever since September 25, 2002. Exhibits attached to the State's sentencing brief reflect that defendant has provided law enforcement authorities extensive information respecting individuals involved in the manufacture or distribution of controlled dangerous substances; and information concerning an auto theft, an active "chop shop", and an organized auto theft ring. And at an October 13, 2004 in camera evidentiary hearing in this matter, Inv. Buecker testified that defendant has done substantial work for the New Jersey State Police in first degree narcotics cases, and that he and another State Police detective believe that defendant's substantial cooperation warrants consideration of a non-custodial sentence.

I find by a preponderance of the credible evidence that the mitigating factor, factor 12, substantially outweighs all aggravating factors.

There is no presumption of incarceration for a third degree offense.

This was a renegotiated plea agreement between the Prosecutor and the defendant.  A period of probation with fines, mandatory penalties, conditions, is sufficient to deter this type of conduct and to satisfy  the interest of justice.  There is a presumption that a sentence imposed on a plea bargain defendant is reasonable.  State v. Sainz, 107 N.J. 283, 294 (1987) (presumption of reasonableness attaches to sentences imposed on plea bargain defendants).  This renegotiated plea agreement appears fair

CRIMNAL RECORDS          Fax:0563792255          May  3 2005  15:47      P.10

and in the interest of justice the Court will impose the recommended sentence.

Accordingly, defendant is sentenced as follows:

• I-01-07-43S, Amended Count 2:

Pursuant to N.J.S.A. 2C:45-1, defendant is sentenced to five (5) years supervised, reporting probation. The conditions include cooperation by defendant with law enforcement authorities regarding certain criminal matters, to the extent defendant has knowledge of such matters. Defendant must find and maintain full-time legitimate and verifiable employment. DNA testing. $50 VCCB. $75 SNSF. $30 LEOPA. The probation supervision fee is $10 per month.

• Count 1 of I-01-07-43S is dismissed.

• Jail Credits: By Agreement of the Parties: 414 days (07/27 to 07/28/01, and 09/19/03 to 11/03/04).

• The previous sentence imposed on September 19, 2003 in this case is vacated.

Dated: November 3, 2004                    _____
                                           WILLIAM J. COOK, J.S.C.

# EXHIBIT

# B











# EXHIBIT

# C











































Fri, 07/17/2015

Get your license restored?
11:29 PM

Sun, 07/19/2015

Sorry I've been a little sick. I was at cooper all day friday basically. First thing tomorrow morning
11:27 AM

Wow why?
11:28 AM

How was your weekend?
11:28 AM

Crazy busy
11:28 AM

We don't know yet. I'm waiting for them to call me back with results. Yeah I saw you had family time with your nephew yesterday that's cute

Enter message



We don't know yet. I'm waiting for them to call me back with results. Yeah I saw you had family time with your nephew yesterday that's cute
11:29 AM

jav has a bail hearing on Thursday and a VOP hearing on Friday
11:30 AM

Thank goodness. That's sounds positive lol. What's a bail hearing?
11:30 AM

To get it established and reduced
11:31 AM

Mon, 07/20/2015

Call me
10:25 PM

Tue, 07/21/2015

Enter message



Tue, 07/21/2015

Call me!!!!
11:53 AM

Yeah sorry I was sleeping last night because I had to get up super early today to restore my license which I did yay lol I'm on my lunch now
12:26 PM

Call me back before 1 because I'm not allowed to have my phone in there
12:26 PM

Restored my license and made it to work by 845. I'm a boss
12:27 PM

Hey john I just spoke to jav. He said he didn't sign the paper waiving his right to an attorney. He refused to sign it. He asked for you the second he was arrested and the West deptford police said

Enter message



you the second he was arrested and the West deptford police said no. He went to gloucester and asked for his phone call and lawyer again and they flat out said no. He kept asking and they kept denying him. He even asked the prosecutor in gloucester and he said no. Then he finally got his phone call at the Camden police station. He said that he didn't say anything that's selfincriminating he just said what you guys spoke about "he's a 22 year old kid who says stupid shit when he's mad just like her".
5:52 PM

Thu, 07/23/2015

Hey john. Just spoke to jav and he said he didn't have a bail hearing today. Just wanted to know if everything is okay and if the vop hearing is still on for tomorrow
7:11 PM

Sat, 07/25/2015

Enter message











And you have to pick up the discovery for his weapon case on August 7th
9:34 PM

Fri. 07/31/2015

Javier said please answer his phone call
5:10 PM

He said please pick up he wants to talk about the deal
9:00 PM

Sat. 05/01/2015

He said

Does the deal include time in a halfway house?

What's the counter offer?

If the deal doesn't include time in the half way house he doesn't want it

Enter message



If the deal doesn't include time in the half way house he doesn't want it

Can he do 365 days and the second chance program
4:24 PM

Sun. 08/02/2015

Javier wants to know if isp is a viable option for him once he's in there
11:17 AM

Call me now!
2:19 PM

Mon. 08/10/2015

8/14 9:00 am
8/17 1:30 pm
8/19 9:00 am PIC date
8/24 9:00 am judge Kelley

He wants to know what's going on with all of the court dates and court papers he's receiving. So

Enter message



8/14 9:00 am
8/17 1:30 pm
8/19 9:00 am PIC date
8/24 9:00 am judge Kelley

He wants to know what's going on with all of the court dates and court papers he's receiving. So he's asking for you to make time at 830 tonight to answer his call.
8:08 PM

OK
8:10 PM

Tue. 08/11/2015

Javier is going to call you tonight before the phone cuts off, which is 10. So please make time. And hit zero to accept.
8:18 PM

OK what time
8:36 PM

Enter message



OK what time
8:36 PM

I'll let you know once I speak to him.
8:56 PM

Ok
8:55 PM

He's going to call you now.
9:28 PM

Spoke to him
9:32 PM

Thanks
9:49 PM

Thu. 08/13/2015

Javier is going to call you at 8:30. He wants to talk to you about his case because he has court tomorrow and has no idea what's

Enter message





# Civil Case Information Statement

## Case Details: CAMDEN | Civil Part Docket# L-003997-18

**Case Caption:** NUNEZ BRIAN  VS THE LAW OFFICES OF
C ONRAD J.

**Case Initiation Date:** 10/22/2018

**Attorney Name:** MATTHEW ALLEN LUBER

**Firm Name:** MC OMBER & MC OMBER, PC

**Address:** 54 SHREWSBURY AVENUE
RED BANK NJ 07701

**Phone:**

**Name of Party:** PLAINTIFF : NUNEZ, BRIAN

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Other(explain)   Law Firm/Attorney & Client

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
　　　**If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
　　　**If yes, for what language:**


I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/22/2018
Dated

/s/ MATTHEW ALLEN LUBER
Signed