Patrick D. Bonner Jr.
**MENZ BONNER KOMAR & KOENIGSBERG LLP**
One North Lexington Avenue, Suite 1550
White Plains, New York 10601
Tel.: (914) 949-0222/ Fax: (914) 997-4117
*Attorneys for Plaintiff Sentinel Insurance Company*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, LTD., | |
| Plaintiff, | Civil Action No. 19-cv-20142-RMB-AMD |
| -vs- | |
| CONRAD J. BENEDETTO, individually and doing business as THE LAW OFFICES OF CONRAD J. BENEDETTO, and JOHN GROFF, | [Document Electronically Filed] |
| Defendants. | |
| CONRAD J. BENEDETTO, THE LAW OFFICES OF CONRAD J. BENEDETTO, and JOHN GROFF, | |
| Plaintiffs, | |
| -vs- | |
| SENTINEL INSURANCE COMPANY, LTD., JOHN DOES and ABC ENTITIES A-Z, | |
| Defendants. | |

**PLAINTIFF SENTINEL INSURANCE COMPANY'S RESPONSE TO STATEMENT OF UNDISPUTED FACTS OF CONRAD J. BENEDETTO <u>AND THE LAW OFFICES OF CONRAD J. BENEDETTO</u>**

Plaintiff Sentinel Insurance Company, Ltd. ("Sentinel" or "Plaintiff") hereby submits this response to the Statement of Uncontested Facts of Conrad J. Benedetto and The Law Offices of Conrad J. Benedetto (collectively, "Defendants") pursuant to Local Rule 56.1(a) of the Local Rules of the United States District Court for the District of New Jersey:[1]

    1.    Admitted in part. On November 13, 2019, Sentinel commenced this action by filing its Complaint seeking a declaratory judgment that Sentinel has no duty to defend or indemnify Defendants in connection with the Underlying Actions. (Bonner Dec. Ex. A).[2] On December 14, 2019, Defendants filed an action against Sentinel in the Superior Court of the State of New Jersey, Law Division, Burlington County. (*Id.* Ex. C). Defendants' complaint seeks a declaration that Sentinel has a duty to defend and indemnify Defendants in connection with the Underlying Actions and also included causes of action seeking damages for breach of contract and bad faith. (*Id.*). Both actions seek a declaration under policies issued to "CONRAD BENEDETTO DBA LAW OFFICES OF CONRAD J. BENEDETTO" for the period October

---

[1] Local Rule 56.1 requires a movant of a motion for summary judgment to set "forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion." In addition, Fed. R. Civ. P. 56 requires that a party asserting that a fact cannot be or is genuinely disputed cite to parts of materials in the record. Fed. R. Civ. P. 56 (c)(1). Here, Defendants have failed to cite to or submit any affidavits or any documents in support of their motion. Accordingly, Hartford objects to paragraph 1-10 of Defendants' Statement of Uncontested Facts.

[2] "Bonner Dec." refers to the Declaration of Patrick D. Bonner Jr. submitted in opposition to Defendants' motion for partial summary judgment.

12, 2015 to October 12, 2020.[3] (Hartley Dec. Exs. A-E).[4]

      2.      Admitted.

      3.      Admitted in part. The Underlying Actions allege that John Groff was an employee of the Law Offices of Conrad J. Benedetto.  The complaints in those actions allege discrimination and retaliation under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et. seq.,* and related employment claims, as a result of Mr. Groff's unwanted sexual advances, harassment, and solicitation of sexual relations in return for legal services.  (Hartley Dec. Exs. F and G).

      4.      Admitted.

      5.      Admitted in part.  Sentinel issued policies to "CONRAD BENEDETTO DBA LAW OFFICES OF CONRAD J. BENEDETTO" for the period October 12, 2015 to October 12, 2020.  (Hartley Dec. Exs. A-E).  Coverage is subject to relevant policy provisions and exclusions contained in the policies, which speak for themselves.  (*Id*.).

      6.      Admitted.

      7.      Admitted, except Sentinel denies that the complaints in the underlying actions are attached as Exhibits "A" and "B."

      8.      Admitted.

      9.      Admitted.

---

[3] Defendants' Complaint identifies the two policies for the periods October 12, 2018 to October 12, 2019 and October 12, 2019 to October 12, 2020 that are not implicated because the Underlying Actions allege activity beginning in 2016 and the Underlying Lawsuits were commenced in October 2018. Regardless, these Sentinel Policies contain the same provisions as the earlier Sentinel Policies that bar coverage.  *See* Hartley Dec. Exs. F, G.

[4] "Hartley Dec." refers to the Declaration of Laianna C. Hartley submitted in opposition to Defendants' motion for partial summary judgment.

10. Admitted. Defendants' Complaint asserts the following causes of action against Sentinel: (1) Declaratory Relief – Defendant's Duty to Defend; (2) Declaratory Relief – Defendant's Duty to Indemnify; (3) Breach of Contract; and (4) Bad Faith. (Bonner Dec. Ex. C).

Dated: White Plains, New York
August 25, 2020

MENZ BONNER KOMAR & KOENIGSBERG LLP

By: */s/ Patrick D. Bonner*
Patrick D. Bonner, Jr.
(pbonner@mbkklaw.com)

One North Lexington Avenue, Suite 1550
White Plains, New York 10601
Tel.: (914) 949-0222

*Attorneys for Plaintiff Sentinel Insurance Company, Ltd.*