IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, LTD.,<br>    Plaintiff,<br>v.<br>CONRAD J. BENEDETTO, individually and doing business as THE LAW OFFICES OF CONRAD J. BENEDETTO, and JOHN GROFF,<br>    Defendants. | Civil No. 1:19-cv-20142 (RMB/AMD) |
| CONRAD J. BENEDETTO, THE LAW OFFICES OF CONRAD J. BENEDETTO, and JOHN GROFF,<br>    Plaintiffs,<br>v.<br>SENTINEL INSURANCE COMPANY, LTD., et al.,<br>    Defendants. | CERTIFICATION OF CONRAD J. BENEDETTO, ESQ., IN SUPPORT OF F.R.C.P. 60(b)(2) MOTION |

I, Conrad J. Benedetto, Esquire, of full-age, do hereby say:

1. I am an Attorney at Law of the State of New Jersey and the owner of the law firm that bears my name. I am representing myself in this matter as well as the Law Offices of Conrad J. Benedetto.

2. I am fully familiar with the facts in this matter.

3. I prepare this Certification in support of my motion requesting that this Court grant relief, pursuant to Fed.R.C.P. 60(b)(2) from the Final Order dismissing this case, based on newly discovered evidence.

4. The Plaintiffs in the two consolidated matters filed competing and parallel actions for Declaratory Judgment filed related to coverage under a general liability insurance policy issued to the Law Offices of Conrad J. Benedetto.

5. At issue is whether said policy of insurance requires Sentinel Insurance Company to provide a defense to Conrad J. Benedetto, the Law Office of Conrad J. Benedetto and John Groff (who has

defaulted and not a party to this Motion) in two actions currently pending in the New Jersey Superior Court styled as Nunez v. Benedetto, CAM-L-003997-18, hereinafter ("Nunez"), and Nava v. Benedetto, CAM-L-004588-18, hereinafter ("Nava").

6. The plaintiffs in both cases allege that Groff, who was then an employee of the Law Offices of Conrad J. Benedetto, made improper sexual advances directed to the respective plaintiffs, each of whom was a client of the Law Offices of Conrad J. Benedetto at the time of the alleged conduct.

7. The underlying actions assert multiple causes of action, including claims for sexual harassment and discrimination, negligent hiring, negligent retention, negligent training, negligent supervision, negligence, and gross negligence.

8. At the time of the alleged incidents, the Law Offices of Conrad J. Benedetto, and all of its employees and principles, were covered under a general liability insurance policy issued by Sentinel.

9. The underlying actions were submitted to Sentinel to provide coverage in the form of a defense and/or indemnification.

10. Sentinel denied coverage, asserting that the claims made by the plaintiffs in the underlying actions were not of the nature or the type that were covered under the policy, specifically, that neither of the Plaintiffs allege that they sustained personal injuries as a result of the conduct alleged in their respective complaints, copies of which are attached hereto and marked as **Exhibits "A" and "B".**

11. Thereafter, the parties in these consolidated actions filed Motions for Summary Judgment.

12. On March 22, 2021, the District Court denied the Motion for Summary Judgment filed by Conrad J. Benedetto and the Law Offices of Conrad J. Benedetto and granted Summary Judgment in favor of Sentinel Insurance Company, LTD. Copies of the Order and Opinion are attached hereto and marked as **Exhibits "C" and "D".**

13. Neither plaintiff in the underlying actions responded to any discovery requests at the time the motions in this case were filed or when the Order was entered on March 22, 2021.

14. Both Nunez and Nava have subsequently responded, at least in part, to discovery requests in the underlying actions.

15. While Brian Nunez has, to date, admitted that he did not suffer any injuries and did not seek any treatment as a result of the alleged conduct of John Groff, Javier Nava is asserting that he suffered physical injuries.

16. Specifically, Nava responded to requests seeking to have him admit that he did not suffer any injuries or any physical manifestations of any emotional harm. A copy of the Requests for Admissions is attached hereto and marked as **Exhibit "E"**.

17. Nava denied that he did not suffer injuries, denied that he did not suffer a physical manifestation of his emotional distress, and denied that he did not seek medical attention for the injuries. A copy of Nava's Answers to Requests for Admissions are attached hereto and marked as **Exhibit 'F"**.

18. To date, Nava has not provided any medical records or reports from any treating physicians.

19. Nava has produced the report of a psychologist, who did not provide a specific diagnosis, and did not indicate that Nava suffered any physical injuries, but this is in direct contrast with Nava's testimony. A copy of the psychologist's report is attached hereto and marked as **Exhibit "G"**.

20. The Benedetto parties did not have access to this information at the time they responded to Sentinel's Motion for Summary Judgment.

21. At the very least, Nava's testimony raises a material issue of fact in dispute as to whether he suffered a physical injury as a result of the alleged improper conducted described in his complaint in the underlying action.

22. Based on the foregoing, Conrad J. Benedetto and the Law Offices of Conrad J. Benedetto request that the District Court's Order, dated March 22, 2021 granting summary judgment in favor of Sentinel Insurance Company, Ltd., and against Conrad J. Benedetto and the Law Offices of Conrad J. Benedetto, be reversed, in line with Fed.R.Civ.P. 60(b)(2), based on newly discovered evidence.

I hereby certify that the foregoing statements made by me are true to the best of my knowledge, information and belief. I am aware that if any off the foregoing statements made by me are willfully false, I am subject to punishment.

                                          **LAW OFFICES OF CONRAD J. BENEDETTO**

By: _____
       CONRAD J. BENEDETTO, ESQUIRE
       Attorney for Defendants, Conrad J. Benedetto,
       individually and d/b/a Law Offices of
       Conrad J. Benedetto

Dated: February 22, 2022