IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, LTD., <br>     Plaintiff, <br>   v. <br> CONRAD J. BENEDETTO, individually and doing business as THE LAW OFFICES OF CONRAD J. BENEDETTO, and JOHN GROFF, <br>     Defendants. | Civil No. 1:19-cv-20142 (RMB/AMD) |
| CONRAD J. BENEDETTO, THE LAW OFFICES OF CONRAD J. BENEDETTO, and JOHN GROFF, <br>     Plaintiffs, <br>   v. <br> SENTINEL INSURANCE COMPANY, LTD., et al., <br>     Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR RELIEF FROM ORDER PURSUANT TO FRCP 60(b)(2)**

**COMBINED PROCEDURAL HISTORY AND STATEMENT OF FACTS**

Conrad J. Benedetto, Esquire, and the Law Offices of Conrad J. Benedetto incorporate by reference the facts set forth in the Certification of Conrad J. Benedetto as incorporated herein.

**LEGAL ARGUMENT**

**THE DISTRICT COURT ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF SENTINEL INSURANCE COMPANY, LTD., AND AGAINST CONRAD J. BENEDETTO AND THE LAW OFFICES OF CONRAD BENEDETTO SHOULD BE REVERSED BASED ON NEWLY DISCOVERED EVIDENCE THAT WAS NOT AVAILABLE AT THE TIME THE DISTRICT COURT DECIDED THE MOTIONS FOR SUMMARY JUDGMENT ON MARCH 22, 2021.**

Movants, Conrad J. Benedetto and the Law Offices of Conrad J. Benedetto are entitled to relief from this Court's Order granting summary judgment in favor of Sentinel Insurance Company, LTD., pursuant to Fed.R.Civ.P. 60(b)(2), based on newly discovered evidence.

Fed. R. Civ. P. 60, provides in relevant part,

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Rule 60(b) authorizes the Court to issue relief from a final judgment, order, or proceeding. "The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002) (citing Boughner v. Sec'y of Health, Educ., & Welfare, 572 F.2d 976, 977 (3d Cir. 1978)). Rule 60(b)(2) supports the grant of relief upon the discovery of new evidence, not available at the time of the judgment challenged which, because it is merely impeaching or cumulative, would "probably produce a different result." See Fields v. City of Chicago, 981 F.3d 541, 554-55 (7th Cir. 2020)(granting relief under 60(b)(2) on these grounds). Under 60(b)(2), the moving party must prove that the new evidence: (1) be material and not merely cumulative; 2) could not have been discovered before the final disposition through the exercise of reasonable diligence; and (3) would probably have changed the outcome of the motion. See Compass Tech., Inc. v. Tseng Labs., Inc., 71 F.3d 1125, 1130 (3d Cir. 1995) (line breaks added) (citing Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991)); accord Floorgraphics Inc. v.News Am. Mktg. In- Store Servs., Inc., 434 F. App'x 109, 111 (3d Cir. 2011).

In this case, Defendant Sentinel's grounds for denying coverage to Conrad J. Benedetto and the Law Offices of Conrad J. Benedetto, the basis for its declaratory judgment action and its motion for summary judgment, was that the complaint in the underlying actions did not allege facts that were consistent with its

obligation to provide coverage. The Benedetto litigants maintained that the complaints in the underlying claims asserted multiple claims for negligence, all of which allegedly resulted in emotional or psychological harm. It was the Benedetto litigants' position that both Nunez and Nava (in underlying cases of Nunez v. Benedetto, CAM-L-003997-18, hereinafter ("Nunez"), and Nava v. Benedetto, CAM-L-004588-18, hereinafter ("Nava")), alleged a cause of action of Negligent Infliction of Emotion Distress, which requires proof that the emotional distress was so severe so as to result in physical manifestations of the distress. See Carey v. Lovett, 132 N.J. 44, 622 A.2d 1279 (1993). Notwithstanding same, the Court granted Sentinel's Motion for Summary Judgment.

At the time the Motions for Summary Judgment were decided by the District Court, the extent of Nava's claims for injury were not clear. While Brian Nunez has, to date, admitted that he did not suffer any injuries and did not seek any treatment as a result of the alleged conduct of Mr. John Groff, Nava has asserted that he suffered physical injuries. Specifically, long after the Court decided the Motions for Summary Judgment, Nava provided limited responses to discovery requests in which it became clear that he was, in fact, making a claim for personal injuries. This would have brought the claim within the language of the policy and Sentinel would have been obligated to provide a defense, if not indemnity.

Nava responded to requests seeking to have him admit that he did not suffer any injuries or any physical manifestations of any emotional harm. A copy of the Requests for Admissions is attached hereto and marked as **Exhibit "E"**. Nava denied that he did not suffer injuries, denied that he did not suffer a physical manifestation of his emotional distress, and denied that he did not seek medical attention for the injuries. A copy of Nava's Answers to Requests for Admissions are attached hereto and marked as **Exhibit 'F"**. To date, Nava has not provided any medical records or reports from any treating physicians.

Nava produced the report of a psychologist, who did not provide a specific diagnosis, and did not indicate that Nava suffered any physical injuries, but this is in direct contrast with Nava's testimony at his deposition. A copy of the psychologist's report is attached hereto and marked as **Exhibit "G"**. At his deposition on April 30, 2021, Mr. Nava provided the details of physical injuries he alleges that he suffered in 2019, First, Nava indicated that he hit his head twice when Mr. Groff was driving the van and drove over

speed bumps; specifically, Mr. Nava received two bumps on his head when his head hit the ceiling, the top of the van. See Nava Dep., *(Page 34, Lns. 5-8; Page 36, Lns. 3-4; Page 36, Lns. 5-7).* Additionally, Mr. Nava indicated that he experienced physical manifestations of throwing up, shaking and an upset stomach as a result of Mr. Groff's text messages. See Nava Dep., *(Page 43, Lns. 11-14).* See relevant pages of the April 30, 2021 Deposition Transcript of Javier Nava, attached hereto as **Exhibit "H".**

Clearly, Mr. Nava's responses to Defendants' request for admission and his deposition testimony reveal that Mr. Nava experienced both physical injury and physical manifestations of emotional distress. None of this information was available at the time the Benedetto litigants responded to the Motion for Summary Judgment.

Had the Benedetto litigants been able to present the District Court with evidence that Nava, was, in fact, making a claim for personal injuries arising from the events alleged in the underlying complaint, the outcome of the Motions for Summary Judgment would have been different. The Benedetto litigants could not possibly have known the exact nature of Nava's claims of injuries until Nava participated in discovery. By the time that happened, the underlying Motions for summary judgment had already been decided by the District Court.

## CONCLUSION

Based on the foregoing, and pursuant to Fed.R.Civ.P. 60(b)(2), Conrad J. Benedetto and the Law Offices of Conrad J. Benedetto respectfully request that the District Court reverse its February 21, 2021 Order granting summary judgment in favor of Sentinel Insurance Company, LTD., and against Conrad J. Benedetto and the Law Offices of Conrad J. Benedetto.

Respectfully Submitted,

_____
CONRAD J. BENEDETTO, ESQUIRE
Pro-Se and for Law Offices of Conrad Benedetto

Dated: February 22, 2022