# EXHIBIT "E"

**LAW OFFICES OF CONRAD J. BENEDETTO**
BY: Conrad J. Benedetto, Esquire
ATTORNEY I.D. NO. 013921981
1615 South Broad Street
Philadelphia, PA 19148
Phone No: (215) 389-1900
Fax No: (215) 271-8910
E-mail: benedettolegalassociates@gmail.com

Attorney for Defendants,
Conrad J. Benedetto, Esquire and
The Law Offices of Conrad J. Benedetto

| | |
|---|---|
| JAVIER NAVA | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| | CAMDEN COUNTY |
| v. | |
| CONRAD J. BENEDETTO, ESQUIRE, et. al. | No. CAM-L-004588-18 |
| | ENTRY OF APPEARANCE |

### BENEDETTO DEFENDANTS' DEMAND
### FOR ADMISSIONS DIRECTED TO PLAINTIFF

To: Brian D. Kent, Esquire
1435 Walnut Street, 7th floor
Philadelphia, PA 19102
bkent@lbk-law.com

The Benedetto Defendants demand that within thirty (30) days after the service of this request, Plaintiff make the following admissions for the purposes of this action, pursuant to R. 4:22-1, subject to pertinent objections to admissibility which may be interposed at the trial:

1. Plaintiff never met Conrad J. Benedetto, Esquire.

2. Plaintiff has never spoken with Conrad J. Benedetto, Esquire.

3. Conrad J. Benedetto. Esquire was not present during any conversations that took place between Plaintiff and Defendant, Groff.

4. Conrad J. Benedetto. Esquire was not present when Defendant. Groff allegedly sent the texts referenced in Plaintiff's Amended Complaint.

5. Conrad J. Benedetto, Esquire was not present when Defendant, Groff allegedly engaged in any of the acts of the alleged acts of sexual harassment referenced in Plaintiff's Amended Complaint.

6. Conrad J. Benedetto, Esquire was not present when Defendant, Groff allegedly engaged in any of the acts of the alleged acts of retaliation referenced in Plaintiff's Amended Complaint.

7. None of the conduct alleged in Plaintiff's Amended Complaint took place on any properties owned by the Benedetto Defendants.

8. None of the conduct alleged in Plaintiff's Amended Complaint took place on any properties controlled by the Benedetto Defendants.

9. None of the conduct alleged in Plaintiff's Amended Complaint was at the direction of the Benedetto Defendants.

10. None of the conduct alleged in Plaintiff's Amended Complaint was authorized by the Benedetto Defendants.

11. None of the conduct alleged in Plaintiff's Amended Complaint was condoned by the Benedetto Defendants.

12. The Benedetto Defendants were not aware of the conduct alleged in Plaintiff's Amended Complaint at the time it allegedly occurred.

13. Plaintiff did not advise the Benedetto Defendants of any offensive conduct allegedly engaged in by Defendant, Groff.

14. Plaintiff did not complain to the Benedetto Defendants of any offensive conduct allegedly engaged in by Defendant, Groff.

15. Plaintiff was never employed by the Benedetto Defendants.

16. The Benedetto Defendants never promised that Plaintiff would be compensated for any services he claims to have provided to the Benedetto Defendants.

17. No representatives of the Benedetto Defendants promised the Plaintiff that he would be compensated for any services he claims to have provided to the Benedetto Defendants.

18. Plaintiff was never paid any wages by the Benedetto Defendants.

19. Prior to filing suit, Plaintiff never made a claim for wages from the Benedetto Defendants at any time.

20. Prior to filing suit, Plaintiff never made a claim for payment for any services he allegedly provided to the Benedetto Defendants.

21. Plaintiff was not an employee of the Benedetto Defendants within the meaning of the NJLAD at the time the events alleged in Plaintiff's Amended Complaint allegedly took place.

22. The Benedetto Defendants were not an employer within the meaning of the NJLAD at the time the events alleged in Plaintiff's Amended Complaint allegedly took place.

23. Plaintiff was not subjected to a severe or pervasive hostile work environment due to his gender or sex.

24. Plaintiff was not subjected to any adverse employment action because of his gender, as a result of the alleged harassment, or in retaliation for an protected activity.

25. Plaintiff did not suffer any out of pocket expenses as a result of any conduct alleged in the Amended Complaint.

26. Plaintiff did not suffer any injuries as a result of any conduct alleged in the Amended Complaint.

27. Plaintiff did not incur any medical expenses as a result of any conduct alleged in the Amended Complaint.

28. Plaintiff did not seek medical treatment as a result of any conduct alleged in the Amended Complaint.

29. Plaintiff did not seek psychological treatment as a result of any conduct alleged in the Amended Complaint.

30. Plaintiff did not seek psychiatric treatment as a result of any conduct alleged in the Amended Complaint.

31. Plaintiff did not suffer any lost wages as a result of any conduct alleged in the Amended Complaint.

32. Defendant, Groff never touched Plaintiff in an inappropriate manner.

33. Plaintiff failed to reasonably avail himself of preventative or corrective measures provided by the Benedetto Defendants.

34. Defendant, Groff was not in the course and scope of his employment with the Benedetto Defendants at the time alleged improper conduct took place.

LAW OFFICES OF CONRAD J. BENEDETTO

BY: *Conrad J. Benedetto, Esquire*
Conrad J. Benedetto, Esquire