# EXHIBIT "F"

**LAFFEY, BUCCI & KENT LLP**
BY:    Brian D. Kent, Esquire, 041892004
        Gaetano A. D'Andrea, Esquire *(admitted pro hac vice)*
1100 Ludlow Street, Suite 300
Philadelphia, PA 19107
(215) 399-9255
Fax (215) 241-8700
Attorneys for Plaintiff

---

| | |
|---|---|
| JAVIER NAVA | SUPERIOR COURT OF NEW JERSEY |
|   | LAW DIVISION |
| Plaintiff, | CAMDEN COUNTY |
|   | |
| v. | *CIVIL ACTION* |
|   | |
| THE LAW OFFICES OF CONRAD J. | DOCKET NO.: **CAM-L-004588-18** |
| BENEDETTO, JOHN GROFF, CONRAD | |
| J. BENEDETTO, ESQUIRE, ABC | |
| CORPORATIONS 1 – 5 (fictitious entities), | |
| JOHN DOES 1 – 5 (fictitious persons) | |
|   | |
| Defendants. | |

---

## PLAINTIFF'S ANSWER TO REQUEST FOR ADMISSIONS OF THE LAW OFFICES OF CONRAD J. BENEDETTO AND CONRAD J. BENEDETTO, ESQUIRE

Plaintiff, by and through counsel, hereby answers the Request for Admissions of The Law Offices of Conrad J. Benedetto and Conrad J. Benedetto, Esquire as follows:

### GENERAL OBJECTIONS

The following General Objections apply to each and every separately-numbered request and are incorporated by reference into each and every specific response herein.

1.    Plaintiffs object to Defendants' requests as contention requests, which are premature at this time as discovery is ongoing and Defendants have failed to produce discovery documents

and other discovery needed to make full and complete answers.

2.      Plaintiffs object to each request to the extent they fail to comport with the limitations of the Rules of Civil Procedure, including calling for information that is not relevant to the defenses to the allegations in Plaintiff's operative Complaint.

3.      Plaintiffs objects to each request to the extent to they are compound, vague, and ambiguous.

4.      Plaintiffs objects to each request to the extent they seek information protected by attorney-client privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  Any inadvertent disclosure of privileged, protected or immunized information shall not be deemed a waiver of such privilege, protection or immunity.

5.      No incidental or implied admission are intended by Plaintiffs' responses to the requests.  Plaintiffs' responses to the requests do not waive or prejudice any objections Plaintiffs may assert now or in the future.

6.      Plaintiffs object to these Requests to the extent they call for any information that is not reasonably calculated to lead to the discovery of admissible evidence or that is not relevant to the subject matter of the pending action.  Plaintiffs further object to these Requests to the extent that they call for material that is: (i) unreasonably cumulative or duplicative; (ii) obtainable from some other source that is more convenient, less burdensome or less expensive; or (iii) already available to the requesting party or has been provided to the requesting party.

7.      Plaintiffs' responses to these Requests are based upon a diligent review of information presently available to Plaintiffs.  Because investigation of the facts pertaining to this pending action is continuing and pretrial discovery has not yet been completed, Plaintiffs reserve to the right to amend or supplement these responses.

8.     Plaintiffs object to the Requests to the extent that they purport to impose an obligation on Plaintiffs greater than that provided for in the Rules of Civil Procedure or any case law regarding the proper scope of discovery.

9.     Plaintiffs object to the Requests to the extent that they seek information that is confidential or proprietary in nature.

10.     These General objections are continuing and are explicitly incorporated in the answers set forth below, even if not further referred to in such answers.  By answering Defendant's Requests, Plaintiffs do not waive, but rather expressly reserve, all of its reservations and objections, both general and specific, as set forth in these answers, even though Plaintiffs may provide information and/or documents over the reservations and objections stated herein.

11.     Plaintiff reserves the right to rely on additional documents and information that may be discovered in connection with this proceeding, including documents and information that may be produced or provided by Defendants.  Should it become necessary, Plaintiffs will supplement this response in accordance with the Rules of Civil Procedure.

## PLAINTIFF'S ANSWERS TO REQUESTS FOR ADMISSIONS

1.     **Plaintiff never met Conrad J. Benedetto, Esquire.**

ANSWER:     General objections are incorporated herein.   Without waiving such objections, admitted.

2.     **Plaintiff has never spoken with Conrad J. Benedetto, Esquire.**

ANSWER:     General objections are incorporated herein.   Without waiving such objections, admitted.

3.     **Conrad J. Benedetto, Esquire was not present during any conversation that**

took place between Plaintiff and Defendant, Groff.

    ANSWER:    General objections are incorporated herein.    Without waiving such objections, Plaintiff can neither admit nor deny whether Defendant Benedetto was present and/or a party to conversations between Plaintiff and Defendant Groff as numerous conversations occurred via cell phone and/or text messaging. As such, this request for admission is denied.

    4.    **Conrad J. Benedetto, Esquire was not present when Defendant Groff allegedly sent the texts referenced in Plaintiff's Amended Complaint.**

    ANSWER:    General objections are incorporated herein.    Without waiving such objections, Plaintiff can neither admit nor deny whether Defendant Benedetto was present with Defendant Groff when he sent texts referenced in Plaintiff's Amended Complaint. As such, this request for admission is denied.

    5.    **Conrad J. Benedetto, Esquire was not present when Defendant Groff allegedly engaged in any of the acts of the alleged acts of sexual harassment referenced in Plaintiff's Amended Complaint.**

    ANSWER:    General objections are incorporated herein.    Without waiving such objections, Plaintiff can neither admit nor deny whether Defendant Benedetto was present with Defendant Groff engaged in any of the acts of alleged acts of sexual harassment referenced in Plaintiff's Amended Complaint. As such, this request for admission is denied.

    6.    **Conrad J. Benedetto, Esquire was not present when Defendant Groff allegedly engaged in any of the acts of retaliation referenced in Plaintiff's Amended Complaint.**

    ANSWER:    General objections are incorporated herein.    Without waiving such objections, Plaintiff can neither admit nor deny whether Defendant Benedetto was present with Defendant Groff engaged in any of the acts of retaliation referenced in Plaintiff's Amended

Complaint. As such, this request for admission is denied.

      7.    **None of the conduct alleged in Plaintiff's Amended Complaint took place on any properties owned by the Benedetto Defendants.**

      ANSWER:    General objections are incorporated herein. Without waiving such objections, denied. It is clear that at least some of the conduct alleged in Plaintiff's Amended Complaint took place on property owned, leased, operated, controlled, managed and/or supervised by the Benedetto Defendants.

      8.    **None of the conduct alleged in Plaintiff's Amended Complaint took place on any properties controlled by the Benedetto Defendants.**

      ANSWER:    General objections are incorporated herein. The Benedetto Defendants have refused to comply with their discovery obligations, including complying with Court Orders compelling them to do so. Defendants' compliance with same is necessary to respond to this request.

Without waiving such objections, denied. It is clear that at least some of the conduct alleged in Plaintiff's Amended Complaint took place on property owned, leased, operated, controlled, managed and/or supervised by the Benedetto Defendants.

      9.    **None of the conduct alleged in Plaintiff's Amended Complaint was at the direction of the Benedetto Defendants.**

      ANSWER:    General objections are incorporated herein. The Benedetto Defendants have refused to comply with their discovery obligations, including complying with Court Orders compelling them to do so. Defendants' compliance with same is necessary to respond to this request.

Without waiving such objections, denied. It is clear that at least some of the conduct alleged

in Plaintiff's Amended Complaint was at the direction of the Benedetto Defendants.

10.    **None of the conduct alleged in Plaintiff's Amended Complaint was authorized by the Benedetto Defendants.**

ANSWER:    General objections are incorporated herein. The Benedetto Defendants have refused to comply with their discovery obligations, including complying with Court Orders compelling them to do so. Defendants' compliance with same is necessary to respond to this request.

Without waiving such objections, denied. It is clear that at least some of the conduct alleged in Plaintiff's Amended Complaint was authorized by the Benedetto Defendants.

11.    **None of the conduct alleged in Plaintiff's Amended Complaint was condoned by the Benedetto Defendants.**

ANSWER:    General objections are incorporated herein. The Benedetto Defendants have refused to comply with their discovery obligations, including complying with Court Orders compelling them to do so. Defendants' compliance with same is necessary to respond to this request.

Without waiving such objections, denied. It is clear that at least some of the conduct alleged in Plaintiff's Amended Complaint was condoned by the Benedetto Defendants.

12.    **The Benedetto Defendants were not aware of the conduct alleged in Plaintiff's Amended Complaint at the time it allegedly occurred.**

ANSWER:    General objections are incorporated herein. The Benedetto Defendants have refused to comply with their discovery obligations, including complying with Court Orders compelling them to do so. Defendants' compliance with same is necessary to respond to this request.

Without waiving such objections, denied. It is clear that the Benedetto Defendants were aware of at least some of the conduct alleged in Plaintiff's Amended Complaint at the time it allegedly occurred.

13.     **Plaintiff did not advise the Benedetto Defendants of any offensive conduct allegedly engaged in by Defendant Groff.**

ANSWER:     General objections are incorporated herein.   Without waiving such objections, admitted.

14.     **Plaintiff did not complain to the Benedetto Defendants of any offensive conduct allegedly engaged in by Defendant Groff.**

ANSWER:     General objections are incorporated herein.   Without waiving such objections, denied. Plaintiff filed a Complaint and Amended Complaint alleging same that was served upon the Benedetto Defendants.

15.     **Plaintiff was never employed by the Benedetto Defendants.**

ANSWER:     General objections are incorporated herein.  Moreover, this request calls for a legal conclusion. Moreover, in the very least, the Benedetto Defendants have refused to comply with their discovery obligations, including complying with Court Orders compelling them to do so. Defendants' compliance with same is necessary to respond to this request. As such, said request is denied.

16.     **The Benedetto Defendants never promised that Plaintiff would be compensated for any services to have provided to the Benedetto Defendants.**

ANSWER:     General objections are incorporated herein.   Without waiving such objections, denied as stated. Plaintiff did receive compensation in the form of hotel rooms and travel for services he provided to the Benedetto Defendants.

17.    No representatives of the Benedetto Defendants promised that the Plaintiff that he would be compensated for any services he claims to have provided to the Benedetto Defendants.

ANSWER: · General objections are incorporated herein.    Without waiving such objections, see response to #16 above.

18.    Plaintiff was never paid any wages by the Benedetto Defendants.

ANSWER:    General objections are incorporated herein.  Without waiving such objections, see response to #16 above.

19.    Prior to filing suit, Plaintiff never made a claim for wages from the Benedetto Defendants at any time.

ANSWER:    General objections are incorporated herein.  Moreover, Plaintiff objects to the term "claim for wages" as vague. Without waiving such objections, see response to #16 above.

20.    Prior to filing suit, Plaintiff never made a claim for payment for any services he allegedly provided to the Benedetto Defendants.

ANSWER:    General objections are incorporated herein.    Without waiving such objections, see response to #16 and #19 above.

21.    Plaintiff was not an employee of the Benedetto Defendants within the meaning of the NJLAD at the time the events alleged in Plaintiff's Amended Complaint allegedly took place.

ANSWER:    General objections are incorporated herein.  Moreover, this calls for a legal conclusion. Additionally, the Benedetto Defendants have refused to comply with their discovery obligations, including complying with Court Orders compelling them to do so. Defendants' compliance with same is, at the very least, necessary to consider this request. Without waiving such

objections, denied.

22. **The Benedetto Defendants were not an employer within the meaning of the NJLAD at the time the events alleged in Plaintiff's Amended Complaint allegedly took place.**

ANSWER:     General objections are incorporated herein.     Without waiving such objections, see response to #21 above and denied.

23. **Plaintiff was not subjected to a severe or pervasive employment action because of his gender, as the result of the alleged harassment, or in retaliation for a protected activity.**

ANSWER:     General objections are incorporated herein.     Without waiving such objections, denied.

24. **Plaintiff was not subjected to any adverse employment action because of his gender, as a result of the alleged harassment, or in retaliation for an protected activity.**

ANSWER:     General objections are incorporated herein.  Moreover, this calls for a legal conclusion. Additionally, the Benedetto Defendants have refused to comply with their discovery obligations, including complying with Court Orders compelling them to do so. Defendants' compliance with same is, at the very least, necessary to consider this request. Without waiving such objections, denied.

25. **Plaintiff did not suffer any out of pocket expenses as a result of any conduct alleged in the Amended Complaint.**

ANSWER:     General objections are incorporated herein.  Moreover, this calls for a legal conclusion. Additionally, the Benedetto Defendants have refused to comply with their discovery obligations, including complying with Court Orders compelling them to do so. Defendants' compliance with same is, at the very least, necessary to consider this request. Without waiving such objections, admitted.

26.     Plaintiff did not suffer any injuries as a result of any conduct in the alleged Amended Complaint.

ANSWER:    General   objections   are   incorporated   herein.   Without   waiving   such objections, denied. Plaintiff has suffered significant injuries as a result of the conduct alleged in the Amended Complaint.

27.     Plaintiff did not incur any medical expenses as a result of any conduct alleged in the Amended Complaint.

ANSWER: General objections are incorporated herein.  Without waiving such objections, denied.

28.     Plaintiff did not seek medical treatment as a result of any conduct alleged in the Amended Complaint.

ANSWER:    General   objections   are   incorporated   herein.   Without   waiving   such objections, denied.

29.     Plaintiff did not seek psychological treatment as a result of any conduct alleged in the Amended Complaint.

ANSWER:    General   objections   are   incorporated   herein.   Without   waiving   such objections, denied.

30.     Plaintiff did not seek psychiatric treatment as a result of any conduct alleged in the Amended Complaint.

ANSWER:    General   objections   are   incorporated   herein.   Without   waiving   such objections, denied.

31.     Plaintiff did not suffer any lost wages as a result of any conduct alleged in the Amended Complaint.

ANSWER:   General objections are incorporated herein.   Without waiving such objections, admitted.

32.   **Defendant, Groff never touched Plaintiff in an inappropriate manner.**

ANSWER:   General Objections are incorporated herein.  Objection as Request for Admission 32 does not contain a definition of "inappropriate manner"  Without knowing what Defendants mean by "inappropriate manner," said Request for Admission is denied.

33.   **Plaintiff failed to reasonably avail himself to preventative or corrective measure provided by the Benedetto Defendants.**

ANSWER:   General Objections are incorporated herein.  Objection as Request for Admission 33 does not contain a definition of "preventative or corrective measure."  Without knowing what Defendants mean by "preventative or corrective measure," said Request for Admission is denied.

34.   **Defendant Groff was not in the course and scope of his employment with the Benedetto Defendant at the time alleged improper conduct took place.**

ANSWER:   General objections are incorporated herein.   Without waiving such objections, denied.

LAFFEY, BUCCI, & KENT, LLP

Dated: November 23, 2020

Brian D. Kent, Esq

**LAFFEY, BUCCI & KENT LLP**
BY:     Brian D. Kent, Esquire, 041892004
          Gaetano A. D'Andrea, Esquire *(admitted pro hac vice)*
1435 Walnut Street, 7th Floor
Philadelphia, PA 19102
(215) 399-9255
Fax (215) 241-8700
Attorneys for Plaintiff

---

| | |
|---|---|
| JAVIER NAVA<br><br>                         Plaintiff,<br><br>                v.<br><br>THE LAW OFFICES OF CONRAD J.<br>BENEDETTO, JOHN GROFF, CONRAD<br>J. BENEDETTO, ESQUIRE, ABC<br>CORPORATIONS 1 – 5 (fictitious entities),<br>JOHN DOES 1 – 5 (fictitious persons)<br><br>                Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY<br><br>*CIVIL ACTION*<br><br>DOCKET NO.: **CAM-L-004588-18** |

I, Brian D. Kent, being over the age of 18, hereby certify that I caused a true and correct copy of the foregoing documents to be served upon all parties by way of e-mail and regular mail.

I certify that the foregoing statement made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**LAFFEY, BUCCI, & KENT, LLP**

By: _____
Brian D. Kent, Esquire
*Attorney for Plaintiff*

Date: 11/23/2020