UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, LTD., | Civil Action No. 19-cv-20142-RMB-AMD |
| Plaintiff, | |
| -vs- | Motion Return Date: March 21, 2022 |
| CONRAD J. BENEDETTO, individually and doing business as THE LAW OFFICES OF CONRAD J. BENEDETTO, and JOHN GROFF, | |
| Defendants. | |
| CONRAD J. BENEDETTO, THE LAW OFFICES OF CONRAD J. BENEDETTO, and JOHN GROFF, | |
| Plaintiffs, | |
| -vs- | |
| SENTINEL INSURANCE COMPANY, LTD., JOHN DOES and ABC ENTITIES A-Z, | |
| Defendants. | |

**PLAINTIFF SENTINEL INSURANCE COMPANY, LTD.'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF DEFENDANTS CONRAD J. BENEDETTO AND THE LAW OFFICES OF CONRAD J. BENEDETTO FOR RELIEF FROM ORDER PURSUANT TO FRCP 60(b)(2)**

Patrick D. Bonner, Jr.
**MENZ BONNER KOMAR & KOENIGSBERG LLP**
One North Lexington Avenue, Suite 1550
White Plains, New York 10601
Tel.: (914) 949-0222/ Fax: (914) 997-4117
*Attorneys for Plaintiff Sentinel Insurance Company, Ltd.*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................................1

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND .............................................3

ARGUMENT ...................................................................................................................8

I.    DEFENDANTS' MOTION IS UNTIMELY AND LEGALLY INSUFFICIENT ...................................8

CONCLUSION ...............................................................................................................15

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bank of America, N.A. v. Westheimer*,
683 Fed. App'x 145 (3d Cir. 2017)......................................................................................10

*Bohus v. Beloff*,
950 F.2d 919 (3d Cir. 1991).................................................................................................8

*Compass Tech., Inc. v. Tseng Labs., Inc.*,
71 F.3d 1125 (3d Cir. 1995).................................................................................................8

*Den Be ex rel. Bell v. Hamilton Twp. Mun. Court*,
No. 07-1588, 2008 WL 5156683 (D.N.J. Dec. 5, 2008)....................................................11

*Floorgraphics Inc. v. News Am. Mktg. In-Store Servs., Inc.*,
434 Fed. App'x 109 (3d Cir. 2011)....................................................................................12

*Focazio v. Fidelity Nat'l Indem. Ins. Co.*,
No. 14-1062, 2015 WL 4623663 (D.N.J. July 31, 2015) ..................................................11

*Gladstone 318 Atl. LLC v. Selective Ins. Co. of Am.*,
No. 13-7235, 2015 WL 4623644 (D.N.J. July 31, 2015) ..................................................11

*Harris v. Martin*,
834 F.2d 361 (3d Cir. 1987)...............................................................................................10

*In re Diet Drugs (Phentermine/Fenfluramine/ Dexfenfluramine) Prod. Liab. Litig.*,
383 Fed. App'x 242 (3d Cir. 2010)..........................................................................9, 10, 11

*Johnson v. Life Ins. Co. of N. Am.*,
626 Fed. App'x 379 (3d Cir. 2015)................................................................................9, 10

*Kagan v. Caterpillar Tractor Co.*,
795 F.2d 601 (7th Cir. 1986) ...............................................................................................9

*Kock v. Gov't of the Virgin Islands*,
811 F.2d 240 (3d Cir. 1987)...............................................................................................10

*Lieber v. Marcus*,
No. 12-6549, 2014 WL 268654 (D.N.J. Jan. 23, 2014).....................................................11

*Liguori v. Allstate Ins. Co.*,
No. 14-636, 2015 WL 71384 (D.N.J. Jan. 6, 2015) ...................................................................11

*Martinez-McBean v. Gov't of the Virgin Islands*,
562 F.2d 908 (3d Cir. 1977) ......................................................................................................10

*Moolenaar v. Gov't of the Virgin Islands*, 8
22 F.2d 1342 (3d Cir. 1987) ................................................................................................8, 10

*Smith v. Ruzzo*,
No. 07-4502009 WL 349162 (D.N.J. Feb. 9, 2009) .................................................................11

*Wyche v. Advanced Drainage Sys., Inc.*,
332 F.R.D. 109 (S.D.N.Y. 2019) ..............................................................................................11

## **Statutes**

Fed. R. Civ. P. 59(b) ......................................................................................................................8

Fed. R. Civ. P. 60(b) ........................................................................................................8, 10, 11

Fed. R. Civ. P. 60(b)(1) ................................................................................................................11

Fed. R. Civ. P. 60(b)(2) ....................................................................................................... *passim*

Fed. R. Civ. P. 60(b)(6) ................................................................................................................11

Fed. R. Civ. P. 60(c)(1) .............................................................................................................8, 9

## **Other Authorities**

11 Charles Alan Wright & Arthur R. Miller,
*Federal Practice and Procedure* § 2866 (3d ed. 2015) ..................................................................9

Plaintiff Sentinel Insurance Company, Ltd., ("Sentinel") respectfully submits this Memorandum of Law, together with the Declaration of Patrick D. Bonner, Jr. ("Bonner Decl."), dated March 7, 2022 and supporting exhibits, in opposition to the motion of Defendants Conrad J. Benedetto ("Mr. Benedetto") and The Law Offices of Conrad J. Benedetto (the "Benedetto Firm") (collectively, "Defendants") for relief from this Court's March 22, 2021 Order pursuant to Federal Rule of Civil Procedure 60(b)(2).

## PRELIMINARY STATEMENT

This consolidated insurance coverage action was resolved nearly one year ago. The Court granted summary judgment in favor of Sentinel after all parties agreed that no discovery was required and this Court could proceed to resolve all coverage issues as a matter of law based on the pleadings in two underlying actions and the terms of the relevant insurance policies at issue. The Court entered a Scheduling Order to that effect and Defendants proceeded to move for summary judgment and Sentinel later filed its own dispositive motion. Defendants' motion was denied and Sentinel's was granted, and the action was subsequently terminated after the parties were afforded an opportunity to advise whether any outstanding issues remained.

Dissatisfied with the ultimate result, Defendants now seek to belatedly resurrect this case and be relieved from the final judgment entered against them, pursuant to Fed. R. Civ. P. 60(b)(2), based on purported "newly discovered evidence." Defendants' motion is woefully inadequate, factually misleading, and does not come close to satisfying the high threshold and burden required to justify relieving a party from a final judgment against it.

Most significantly, all of the so-called "newly discovered evidence" that Defendants purport to rely upon in support of their motion was available to Defendants prior to the May 26, 2021 Order terminating this case, including discovery responses served upon them in the

underlying action more than four months before this Court issued its March 22, 2021 summary judgment decision.  In particular, Defendants purport to rely on discovery in one of the two underlying actions that they claim shows that the plaintiff therein, Javier Nava, suffered personal injury.[1]  However, the underlying plaintiff's responses to requests to admit are dated November 23, 2020 - four months or 119 days prior to the Court's March 22, 2021 summary judgment order.  Similarly, in their Memorandum of Law, Defendants point to the underlying plaintiff's deposition testimony purportedly taken on April 30, 2021 –a month prior to the order terminating this case – claiming that it reflects the plaintiff may have suffered bodily injury, notwithstanding a May 17, 2021 expert report confirming that Mr. Nava did not suffer any physical injuries or diagnostic symptoms – as opposed to purely emotional symptoms and injury.[2]

But even if any of the information raised by Defendants did in fact support the claim that one of the underlying plaintiffs is seeking damages for personal injuries – which he is not – Defendants offer absolutely no explanation as to why they waited nearly an entire year to bring this "newly discovered evidence" to the Court's attention when it was available to them prior to the summary judgment order being issued and prior to this action being terminated and could have been sought by them years earlier with the exercise of reasonable diligence.  The law is clear that any motion pursuant to Rule 60(b)(2) must be brought within a reasonable time.  This is all the more true where a litigant had the practical ability to learn of the grounds relied upon

---

[1] Mr. Benedetto concedes that the plaintiff in the second underlying action does not claim to have suffered any bodily injury.

[2] While Defendants point to Mr. Nava's testimony that he bumped his head during a car ride, this is hardly "new evidence."  The underlying complaint in the Nava Action alleged that due to defendant Groff's driving in a reckless and dangerous manner, Nava hit his head on the roof of Groff's car, although no damages have been sought for the same. (ECF Doc. No. 38-2 at ¶ 41).

2

earlier and simply sat back and failed to act, and the reopening of the case after significant delays undoubtedly would result in prejudice to the other party.

In short, this Court should reject Defendants' last gasp attempt at a Hail Mary pass eleven months after the game has ended. If Defendants truly believed newly discovered evidence warranted relief from summary judgment in this action, it was incumbent upon them to promptly bring it to the Court's attention. Having failed to do so, there is no legally cognizable basis for seeking relief at this late date.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.     The Underlying Actions

This coverage action relates to two underlying lawsuits filed in the Superior Court of the State of New Jersey captioned *Brian Nunez v. The Law Offices of Conrad J. Benedetto, et al.*, Case No. CAM-L-003997-18 (N.J. Super. Ct., Camden Co.) ("Nunez Action"), and *John Doe v. The Law Offices of Conrad J. Benedetto, et al.*, Case No. CAM-L-004588-18 (N.J. Super. Ct., Camden Co.) ("Nava Action").[3]  *See* Benedetto Cert., Exs. A, B. However, the instant motion only concerns Defendants' claims for coverage for the Nava Action, as Defendants now concede that the Nunez Action does not involve any claims for bodily injury. *See* Defs.' Mem. at 3-4.

In the Nava Action, Javier Nava ("Mr. Nava") seeks to recover damages and other relief for sexual harassment and discrimination due to gender and sexual orientation in the employment context under the New Jersey Law Against Discrimination ("NJLAD"), retaliation/improper reprisal under NJLAD, negligent hiring, negligent retention, negligent training, negligent supervision, negligence, and gross negligence. Benedetto Cert., Ex. B at ¶¶ 87-140. Specifically, Mr. Nava seeks reinstatement of employment and benefits, back pay and benefits,

---

[3] The Underlying Action by Javier Nava was originally filed anonymously by him as "John Doe" and is now captioned *Javier Nava v. The Law Offices of Conrad J. Benedetto, et al.*

3

front pay and benefits, reinstatement, equitable relief, as well as compensatory, consequential, and punitive damages, and attorneys' fees and costs. Benedetto Cert., Ex. B at Wherefore Clauses of Counts 1-9. While Mr. Nava alleges in his complaint that he has suffered emotional distress, he does not seek damages for any physical injuries or physical manifestations of symptoms. *See* Benedetto Cert., Ex. B. Based on the record evidence and the parties' agreement that there were no disputed issues of fact, this Court agreed in its summary judgment ruling that no coverage was afforded for the claims and damages alleged. Benedetto Cert., Ex. D at 12.

### B.     This Coverage Action

On November 13, 2019, Sentinel commenced this action by filing its Complaint seeking a declaratory judgment that Sentinel has no duty to defend or indemnify Defendants in connection with the Underlying Actions. (ECF Doc. No. 1). On December 14, 2019, Defendants and Mr. Groff filed a competing action against Sentinel in the Superior Court of the State of New Jersey, Law Division, Burlington County, seeking a declaration that Sentinel has a duty to defend and indemnify Defendants in connection with the Underlying Actions and also included causes of action seeking damages for breach of contract and bad faith. *Benedetto, et al. v. Sentinel Ins. Co.*, No. 1:20-cv-483 (ECF Doc. Nos. 1-2). Sentinel subsequently removed the competing action to federal court and the Court consolidated the two actions on February 18, 2020. (ECF Doc. No. 8).

On February 18, 2020, the parties appeared for a Rule 16 conference before Magistrate Judge Donio. Bonner Decl., Ex. A. Both Sentinel and Defendants were represented by counsel at that conference and agreed that the issues to be addressed in this coverage action were purely legal issues that did not require discovery. Thereafter, the Court entered a Scheduling Order

reflecting that "[b]y consent, no discovery shall be conducted prior to the filing of dispositive motions." *Id.* at 2.

On August 5, 2020, Defendants filed a motion for partial summary judgment seeking an order granting partial summary judgment in its favor, declaring that Sentinel has a duty to defend Defendants in the Underlying Actions. (ECF Doc. No. 37).

On August 7, 2020, Sentinel filed a motion for summary judgment seeking an order granting summary judgment in its favor, declaring that Sentinel has no duty to defend or indemnify Mr. Benedetto, the Benedetto Firm, and Mr. Groff in connection with the Underlying Actions, and granting summary judgment dismissing the complaint of Mr. Benedetto, the Benedetto Firm and Mr. Groff against Sentinel in the consolidated action with prejudice. (ECF Doc. No. 38).

On March 22, 2021, the Court entered an order granting Sentinel's motion for summary judgment and denying Defendants' motion for partial summary judgment (the "Order"), accompanied by a written opinion. Benedetto Cert., Exs. C, D.

### C. The Discovery Relied Upon by Defendants Taken in the Nava Action

Both before and after Sentinel and Defendants filed their respective summary judgment motions and awaited the Court's decision, discovery proceeded in the underlying Nava Action.

Defendants served Mr. Nava with Requests for Admissions in his underlying action, and Mr. Nava provided Responses to those Requests for Admissions on November 23, 2020 -- four months or 119 days *before* this Court issued the Order in the coverage action. Benedetto Cert., Ex. F. As reflected in the responses attached to Defendants' motion papers, Mr. Nava asserted the following:

26. **Plaintiff did not suffer any injuries as a result of any conduct in the alleged Amended Complaint.**

ANSWER: General objections are incorporated herein. Without waiving such objections, denied. Plaintiff has suffered significant injuries as a result of the conduct alleged in the Amended Complaint.

27. **Plaintiff did not incur any medical expenses as a result of any conduct alleged in the Amended Complaint.**

ANSWER: General objections are incorporated herein. Without waiving such objections, denied.

28. **Plaintiff did not seek medical treatment as a result of any conduct alleged in the Amended Complaint.**

ANSWER: General objections are incorporated herein. Without waiving such objections, denied.

29. **Plaintiff did not seek psychological treatment as a result of any conduct alleged in the Amended Complaint.**

ANSWER: General objections are incorporated herein. Without waiving such objections, denied.

30. **Plaintiff did not seek any psychiatric treatment as a result of any conduct alleged in the Amended Complaint.**

ANSWER: General objections are incorporated herein. Without waiving such objections, denied.

Benedetto Cert., Ex. F.

Shortly after this Court issued the Order in this coverage action and a month prior to the order terminating this case, Defendants assert in their motion papers that Mr. Nava was deposed in his action on April 30, 2021, Mr. Nava answered various questions about injuries he allegedly suffered, including the following:

> Q. Did you suffer any personal injuries as a result of Mr. Groff's text messages?
> A. As a consequence of the text messages, damage, physical damage, no. As a consequence of how he drove the truck yes. I suffered two hits in my head.
> Q. Please elaborate on that, Mr. Nava.
> A. When Mr. Groff was driving from one place to the other to attend the meetings he was driving speeding and careless, reckless. When he was angry or annoyed by something he would drive very fast on the bumps, speed bumps. And that caused that we hit our heads.
>
> ***
>
> Q. Where was your head heat?
> A. On the top of my head with the ceiling, the top of the van.
> Q. Is that from bouncing over the speed bumps; is that how you sustained the injury?
> A. Correct.
>
> ***
>
> Q. Mr. Nava did you seek medical attention as a result of these injuries?
> A. No.
>
> ***
>
> Q. As a result of the emotional injury that you received from Mr. Groff's text messages, did you suffer any physical manifestation?
> A. Could you explain. I don't understand physical manifestation.
> Q. Throwing up, shaking, upset stomach?
> A. All of those mentioned. And when we went our way to the airport after experiencing all that and having to be exposed to that.

Benedetto Cert., Ex. H at 34:3-15; 36:2-7, 16-18; 43:15-23.

Subsequent to providing this testimony, Mr. Nava produced an expert report from Dr. Veronique N. Valliere, in which Dr. Valliere offered a clinical evaluation of Mr. Nava in connection with the sexual harassment claim asserted in his action. Benedetto Cert., Ex. G. As acknowledged by Defendants, Dr. Valliere did not provide any specific diagnosis or indicate that Mr. Nava suffered any physical injuries. Defs.' Mem. at 3. To the contrary, the expert report submitted on behalf of Mr. Nava confirmed that he did not suffer any physical injuries or diagnostic symptoms – as opposed to purely emotional symptoms and injury. *Id.*

## ARGUMENT

**II.**     **DEFENDANTS' MOTION IS UNTIMELY AND LEGALLY INSUFFICIENT**

Motions filed under Rule 60(b)(2) are subject to strict time constraints: "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Federal Rule of Civil Procedure 60(b) allows the court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). "That standard requires that the new evidence (1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial." *Compass Tech., Inc. v. Tseng Labs., Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995); *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991). When considering these elements, courts are guided by the principle that a Rule 60(b) motion is "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Bohus*, 950 F.2d at 930 (quoting *Moolenaar*, 822 F.2d at 1346).

Here, Defendants have moved pursuant to Rule 60(b)(2) and, accordingly, must demonstrate that their motion was filed within a reasonable time after entry of the Order. Yet, Defendants inexplicably waited exactly eleven months to file this motion and have not offered any explanation as to the cause of this significant delay, especially in light of the fact that the purported "newly discovered evidence" was available to Defendants *prior* to the Court's ruling on the motions for summary judgment and the order terminating of this case. Thus, Defendants have failed to satisfy their threshold burden of demonstrating that their motion for relief from this Court's Order was filed within a reasonable time after entry of the same.

Rule 60(c)(1) provides an outer limit, *i.e.*, one year from entry of order, for the time period within which a party may move for relief from a court order based upon newly discovered evidence. However, "[t]he one-year cut-off is an 'extreme limit, and the motion may be rejected as untimely if not made within a "reasonable time" even though the one-year period has not expired.'" *Johnson v. Life Ins. Co. of N. Am.*, 626 Fed. App'x 379, 383 (3d Cir. 2015) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2866 (3d ed. 2015)); *accord Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601 (7th Cir. 1986). The facts of each case determine what constitutes a "reasonable time," and courts will consider various factors, including "finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties." *Id.*; *In re Diet Drugs (Phentermine/Fenfluramine/ Dexfenfluramine) Prod. Liab. Litig.*, 383 Fed. App'x 242, 246 (3d Cir. 2010). Considering these factors and the absence of any explanation in Defendants' moving papers for their inexplicable delay, the only reasonable conclusion is that Defendants' motion is untimely and must be denied as a matter of law.

First, courts have a strong interest in finality of judgments; "[t]he finality of judgments is a cornerstone of our judicial system." *Harris v. Martin*, 834 F.2d 361, 366 (3d Cir. 1987). "Rule 60(b) must be applied [s]ubject to the propositions that the finality of judgments is a sound principle that should not lightly be cast aside . . . ." *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (alteration in original) (internal quotation omitted) (quoting *Kock v. Gov't of the Virgin Islands*, 811 F.2d 240, 246 (3d Cir. 1987)). This rule "does not confer upon the district courts a '*standardless* residual of discretionary power to set aside judgments.'" *Id.* (quoting *Martinez-McBean v. Gov't of the Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977)). Thus, "[r]elief should only be made available if the claimant presents circumstances that overcome the 'interest in the finality and repose of judgments.'" *In re Diet Drugs*, 383 Fed. App'x at 246 (quoting *Harris*, 834 F.2d 364).

Second, Defendants have failed to offer any explanation as to why they waited to file this motion eleven months after entry of the Order, nine months and twenty-three days after the occurrence of Mr. Nava's deposition, and fifteen months after the date of Mr. Nava's Answers to Requests for Admission. If the movant fails to provide an adequate explanation, or any explanation whatsoever, especially when several months have passed since entry of the final order, courts do not hesitate to deny a Rule 60(b) motion based on untimeliness. *See, e.g.*, *Bank of America, N.A. v. Westheimer*, 683 Fed. App'x 145, 151 (3d Cir. 2017) (affirming denial of 60(b)(2) motion where movant obtained newly discovered evidence prior to entry of final judgment but waited nine months to file the motion); *Johnson*, 626 Fed. App'x at 383 (affirming denial of 60(b) motion because it was unreasonable to wait eleven months to file the motion where the explanation for the delay was that counsel claimed he had trouble reaching the paralegal who handled the majority of the case or, alternatively, that counsel mistakenly failed to

10

calendar the correct date because he had "an enormous amount of additional work"); *In re Diet Drugs*, 383 Fed. App'x at 246 (affirming denial of 60(b) motion under clauses (1), (2), and (3) that was filed exactly one year after entry of final order based on movant's failure to offer any explanation for the delay, principles of finality, and the extreme prejudice other parties would suffer if the motion were granted); *Den Be ex rel. Bell v. Hamilton Twp. Mun. Court*, No. 07-1588, 2008 WL 5156683, at *3 (D.N.J. Dec. 5, 2008) (denying Rule 60(b)(1) motion filed twenty-two days shy of one year limit as untimely because movant did not offer any explanation for the delay, other than "heedlessness," even considering his *pro se* status); *Gladstone 318 Atl. LLC v. Selective Ins. Co. of Am.*, No. 13-7235, 2015 WL 4623644, at *3 (D.N.J. July 31, 2015) (finding eight-month delay in filing Rule 60(b)(1) motion unreasonable where explanation for delay was "inadvertent clerical error caused by their counsel's heavy caseload, related staffing and scheduling conflicts, and protracted time constraints"); *Focazio v. Fidelity Nat'l Indem. Ins. Co.*, No. 14-1062, 2015 WL 4623663, at *3 (D.N.J. July 31, 2015) (same as *Gladstone* but five-month delay in filing motion); *Liguori v. Allstate Ins. Co.*, No. 14-636, 2015 WL 71384, at *3 (D.N.J. Jan. 6, 2015) (same as *Gladstone* but five-and-a-half-month delay in filing motion); *Lieber v. Marcus*, No. 12-6549, 2014 WL 268654, at *3 (D.N.J. Jan. 23, 2014) ("Because this Court cannot intuit a reason why Plaintiffs waited almost one year to file the instant [Rule 60(b)(6)] motion, the Court holds that Plaintiffs did not make their motion within a reasonable time."); *Smith v. Ruzzo*, No. 07-4502009 WL 349162, at *2 (D.N.J. Feb. 9, 2009) (denying Rule 60(b)(1) motion filed eight months after entry of order as untimely where delay was caused by movant's late receipt of the order caused by his failure to inform the court of his change in address); *accord Wyche v. Advanced Drainage Sys., Inc.*, 332 F.R.D. 109, 116-17 (S.D.N.Y. 2019) (explaining that even if Rule 60(b)(2) motion had been filed within one-year time limit, it

11

would be untimely if filed four-and-a-half months after discovering information material to movant's case where there was no explanation for such delay).

Third, Defendants simply failed to exercise reasonable diligence to obtain any requisite information about Mr. Nava's injuries during the nearly two and half years his underlying action had been pending and before summary judgment was granted and this action was terminated. Defendants' lack of reasonable diligence alone is a basis for denial of their motion.  *See Floorgraphics Inc. v. News Am. Mktg. In-Store Servs., Inc.*, 434 Fed. App'x 109, 113 (3d Cir. 2011) (affirming denial of relief under Rule 60(b)(2) where movant failed to compel compliance with discovery request because such failure prevented movant from demonstrating that the new evidence could not have been discovered before trial through the exercise of reasonable diligence).  Equally important, Defendants had every opportunity to inform the Court that they desired to inquire about the details of Mr. Nava's alleged injuries before filing their motion for summary judgment.  The Nava Action was filed in October 2018 and this coverage action was not commenced until more than one year later in November 2019.  The parties did not appear for the Rule 16 conference in this case until February 18, 2020 and at that time Defendants agreed that no discovery would be necessary to file any summary judgment motion, as documented in the Court's Scheduling Order filed on that same date.  The Scheduling Order provides that "[b]y consent, no discovery shall be conducted prior to the filing of dispositive motions."  Bonner Decl., Ex. A at 2.  At no time did Defendants indicate that discovery in the Nava Action was necessary to determine the issues in the coverage action or that any discovery in the coverage action was necessary, even after receiving Mr. Nava's responses to requests for admissions that were served prior to the Court's order on the motions for summary judgment and on which Defendants now rely on in support of this motion.  Through any exercise of reasonable diligence,

12

Defendants could have inquired in the Nava action about the nature of any injuries alleged long before summary judgment motions were filed, a decision was rendered, and this case ultimately closed, yet they failed to do so and cannot now complain that such information was unavailable or could not be discovered.

In particular, the newly discovered information Defendants now ask this Court to consider was obtained in response to (i) Requests for Admissions, and (ii) questions during Mr. Nava's deposition. In Mr. Nava's Answers to Request for Admissions, dated November 23, 2020, he denied that he did not suffer any injuries, incur any medical expenses, or seek medical, psychological or psychiatric treatment as a result of Mr. Groff's conduct. Benedetto Cert., Ex. F at 10. [4] Thus, four months or one hundred nineteen days before this Court entered the Order, Defendants were on notice that Mr. Nava alleged that he suffered certain non-descript injuries. Defendants further fail to explain what they had been doing since the Nava Action was filed in 2018 to the extent they had any legitimate question about the nature of his alleged injuries. Defendants' assertion now that they "could not possibly have known the exact nature of Nava's claims of injuries until Nava participated in discovery" (Defs.' Mem. at 4) rings hollow, as it is incumbent on them to demonstrate diligent efforts were undertaken to pursue the same – whether in the Nava Action or in this case. They have failed to do so and even stipulated in this action that discovery was unnecessary for this Court to resolve the coverage issues before it.

Moreover, even after Mr. Nava's deposition was taken, Defendants remained silent, failed to seek any relief from this Court, and did and said nothing after the Court requested a status report from the parties, Sentinel solicited their comment on a proposed letter, and that

---

[4] Defendants assert that Mr. Nava also "denied that he did not suffer a physical manifestation of his emotional distress." Defs.' Mem. at 3. However, no such request for admission was actually made. *See* Benedetto Cert., Ex. F.

13

correspondence was filed with the Court on May 14, 2021 advising that all issues had been resolved and the case should be closed. S*ee* ECF Doc. No. 46. Instead, Defendants waited to file the present motion until nine months after this Court entered an Order confirming that this matter was fully resolved and directing the case closed. S*ee* ECF Doc. No. 47.

Finally, granting Defendants' motion would be unduly prejudicial to Sentinel at this late date. By the time the Court decides this motion, a year will have passed since the Court held that Sentinel is not obligated to defend or indemnify Defendants in the Nava Action. Since that time, Sentinel has closed its books, has neither monitored nor participated in the underlying case, has posted no reserves, and was never even tendered any new defense request based upon any purported "new evidence." To allow the resurrection of a claim a year after-the-fact based on stale information for which there was no follow-up in almost a year would be the epitome of detriment to a litigant's interests.

Based on the foregoing, Sentinel respectfully asks this Court to deny Defendants' ill-conceived, improperly supported and untimely motion.

## **CONCLUSION**

For the foregoing reasons, Sentinel respectfully requests that the Court deny Defendants' motion for relief from the Court's March 22, 2021 Order granting Sentinel's motion for summary judgment and denying Defendants' motion for summary judgment, together with such further relief as this Court deems proper.

Dated: White Plains, New York
March 7, 2022

                        MENZ BONNER KOMAR & KOENIGSBERG LLP

                        By:   *s/ Patrick D. Bonner, Jr.*
                              Patrick D. Bonner, Jr.
                              (pbonner@mbkklaw.com)

One North Lexington Avenue, Suite 1550
White Plains, New York 10601
Tel.: (914) 949-0222
*Attorneys for Plaintiff Sentinel Insurance Company, Ltd.*