IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> CONRAD J. BENEDETTO, THE LAW OFFICES OF CONRAD J. BENEDETTO, and JOHN GROFF, <br><br> Defendants. | Civ. No. 19-20142 (RMB/AMD) <br><br> **ORDER** |

**BUMB, U.S. District Judge**

This matter comes before the Court upon the Motion to Set Aside the Court's Summary Judgment Order pursuant to Fed. R. Civ. P. 60(b)(2) by Defendants Conrad J. Benedetto and the Law Offices of Conrad J. Benedetto (for purposes of this Order, the "Defendants") based on evidence that the Defendants purport to have newly discovered. [Docket No. 50 ¶ 3.] However, having reviewed the parties' submissions, the Court finds convincing Plaintiff Sentinel Insurance Company, Ltd.'s ("Plaintiff's") argument that the evidence the Defendants rely upon as the basis for their pending motion is not new, and in fact, was available to the Defendants since November 23, 2020. [*Id.*, Ex. F.]

Further, the Court finds convincing Plaintiff's argument that even if the Defendants are correct that the relevant state court actions do, in fact, constitute

claims for bodily injury under New Jersey law—*see Voorhees v. Preferred Mut. Ins. Co.*, 128 N.J. 165, 179 (1992) (holding in the context of insurance law "that 'bodily injury' encompasses emotional injuries accompanied by physical manifestations")—other exclusions in the parties' insurance contract are applicable such that the claims are still not covered. The Court finds that it would be helpful for the parties to further brief these additional issues. Accordingly,

**IT IS** this **6th** day of **September 2022**, hereby

**ORDERED** that the Defendants' Motion to Set Aside the Court's Summary Judgment Order pursuant to Fed. R. Civ. P. 60(b)(2) [Docket No. 50] is **ADMINISTRATIVELY TERMINATED** and shall be automatically reinstated to the Court's active docket upon the parties' filing their respective submissions with the Court as set forth in this Order; and it is further

**ORDERED** that within 30 days from the date hereof, the Defendants shall file a Reply Brief that addresses each of the following: (1) what explains the delay in filing the Rule 60(b) motion based on evidence that was already available to the Defendants; and (2) whether other applicable exceptions in the parties' insurance policy are applicable, including the exclusion for intentional acts (and relatedly, whether intentional acts can even constitute an "occurrence" under the policy) and the employer's liability exclusion; and it is further

**ORDERED** that pursuant to L. R. Civ. P. 7.1(d)(7), the Court hereby grants leave for Plaintiff to file a Sur-Reply to respond to these additional issues, which

shall be filed no later than 30 days from the date the Defendants file their Reply Brief; and it is finally

**ORDERED** that the Court may consider holding oral argument upon receiving the parties' briefs on these additional issues.

s/ Renée Marie Bumb  
Renée Marie Bumb  
U.S. District Judge